### KLUCK v. SPITZER et al.
### No. 1275.

Court of Civil Appeals of Texas. Waco.

Nov. 3, 1932.

Rehearing Denied Dec. 22, 1932.

John McNamara and J. W. Spivey, both of Waco, for appellant.

Cecil R. Glass and Bartlett, Carter & Rice, all of Marlin, for appellees.

GALLAGHER, C. J.

A clear understanding of the issues involved in this suit will be facilitated by a brief statement of the transactions out of which the same arose. J. S. Watson and wife, on the 10th day of January, 1919, conveyed to L. A. Bletsch two adjoining tracts of land, one of which will be hereinafter designated as the 50-acre tract and the other as the 20-acre tract. In consideration of such transfer, said L. A. Bletsch executed and delivered to appellant, Gus Kluck, his promissory note of even date with the deed for the sum of $1,500, payable on January 10, 1922, and also executed and delivered to appellee Peter Jund his promissory note of even date with the deed for the sum of $3,500, payable on January 10, 1924. The vendor's lien was expressly retained to secure both said notes. Said L. A. Bletsch thereafter sold and conveyed both said tracts of land to Rudolph Sonntag, and he assumed the payment of both said notes. Said Sonntag thereafter sold and conveyed both said tracts to M. A. Bletsch and J. J. Thompson, who also assumed the payment of both said notes. Said M. A. Bletsch and said Thompson thereafter sold and conveyed the 50-acre tract to said Rudolph Sonntag, and he assumed the payment of both said notes. Said Sonntag thereafter sold and conveyed said 50-acre tract to O. C. Spitzer, who assumed the payment of both said notes. Said Spitzer thereafter, on December 27, 1930, sold and conveyed said 50-acre tract to appellant, Gus Kluck. Appellees all contended that a part of the consideration for said last recited conveyance was the cancellation by Kluck of his $1,500 note as aforesaid and the agreement on his part to pay off and satisfy the $3,500 note held against both said tracts by appellee Jund. No such recital was contained in said deed. Appellant's $1,500 note had theretofore been duly extended to mature, and it did mature on January 1, 1927. Appellee Jund's $3,500 note had been theretofore extended to mature, and it did mature, on January 10, 1930.

This suit was instituted on April 30, 1931, by appellees L. A. Bletsch, Rudolph Sonntag, M. A. Bletsch, J. J. Thompson, and O. C. Spitzer, against appellant, Gus Kluck, and appellee Peter Jund. They alleged, in substance, that by the transactions aforesaid the $1,500 note held by appellant, Kluck, had been satisfied and discharged, and that he had, by his alleged assumption of the $3,500 note held by said Jund, become principal obligor thereon, and that they had become sureties only for the payment thereof; that said note constituted a lien upon the 20-acre

tract then held by said M. A. Bletsch and J. J. Thompson as aforesaid. They demanded in their petition that Jund, by cross-action or otherwise, bring suit for the collection of his said note and the enforcement of the lien, and, in event he failed to do so to the next term of the district court of said county, that they be released from further liability for the payment of said note. Jund, by cross-action filed in this cause, sought recovery on said note for the amount thereof, with interest and attorney's fees as stipulated therein, and for a foreclosure of his lien on both said tracts of land to enforce the payment of such recovery. Kluck denied that he agreed as a part of the consideration to cancel his $1,500 note or to pay the $3,500 note held by Jund. He sought recovery on his note for the full amount thereof, with foreclosure of lien on both said tracts of land to enforce any recovery awarded him, and prayed for an equitable adjustment of rights between him and Jund. Said pleading was filed December 7, 1931. Appellees L. A. Bletsch and others, original plaintiffs herein, pleaded the statute of limitation of four years (Rev. St. 1925, art. 5527) in bar of recovery on the $1,500 note sued on by appellant. Appellees M. A. Bletsch and Thompson alleged that they were the owners of the 20-acre tract; that Jund's lien covered both tracts, and asked that the 50-acre tract be sold and the proceeds thereof applied to the satisfaction of Jund's debt before any sale of the 20-acre tract.

The case came on for trial before a jury on the 7th day of December, 1931. The several conveyances above recited were introduced in evidence, and the assumption by each successive vendee or vendees, to and including Spitzer, was shown. The $3,500 note held by Jund and the extension of time of payment thereof, as above recited, were introduced in evidence. The testimony disclosed that the transfer of the 50-acre tract from Spitzer to Kluck was negotiated by and consummated through one Somervell as agent and attorney in fact for Kluck. While he was being examined with reference to the consideration for said conveyance, some issue as to the admissibility of his testimony was raised, and the jury was retired by the court. In the absence of the jury, he testified that he never had any intention or purpose of denying Jund's lien on the 50-acre tract; that Jund's lien covered both the 50-acre tract and the 20-acre tract, and that he intended that Jund should assert his lien against both tracts; that he told Kluck that he would have to pay the Jund claim, and that Kluck was always ready to do so when Jund "cleared the 20 acres in addition to the 50." Based on said statement, the several parties began negotiations for the settlement of all controversies between them and the entering of an agreed judgment in the case. Such agreement was perfected, a notation thereof made on the docket of the court, and the jury discharged. No judgment was entered of record at that term of court.

Appellee Jund, on the 13th day of January, 1932, at the next succeeding term of court, filed herein a pleading which he termed his supplemental answer and cross-action. He alleged that a full settlement of all the matters in controversy between the parties had been agreed upon, and stated the terms of such agreement in detail. He further alleged that the court made a notation of the agreed judgment on his docket; that appellant had failed and refused to carry out his part of such agreement, and asked that the court enter nunc pro tunc the judgment agreed upon in open court at the time. Appellees L. A. Bletsch and others, original plaintiffs, also filed a supplemental pleading in substantially the same terms. Appellant filed a general denial. A hearing was had thereon on the 15th day of January, 1932. Testimony was introduced with reference to the terms of the agreement for settlement and for entry of judgment. The court also stated his recollection of what transpired in open court at that time. At the conclusion of the hearing, the court ordered a judgment entered as of December 9, 1931, that appellee Peter Jund recover against appellant, Kluck, the sum of $3,780.50, with interest from date of judgment at the rate of 6 per cent. per annum and all costs of suit, that he have foreclosure of his lien on both said tracts of land to secure the same against appellant and all the other appellees, with order of sale to enforce the same, and that he have execution against appellant for any deficiency remaining after sale thereunder. All further relief sought by said Jund was expressly denied. The court further ordered therein that L. A. Bletsch and others, original plaintiffs in the cause, recover of Kluck their costs, including an additional sum of $50 as attorney's fees. This appeal is prosecuted by Kluck alone.

### Opinion.

Appellant assails the sufficiency of the evidence to authorize the trial court to render said judgment nunc pro tunc, and contends in that connection that said judgment differs materially from the judgment actually rendered by the court at the time the trial was interrupted and the jury discharged. Mr. Oltorf, who represented appellant at the trial, but who did not represent him on the motion to enter judgment nunc pro tunc, testified that he actively participated in negotiations resulting in the agreement for settlement and for the entry of judgment on such agreement by the court. The terms of the agreement, according to the testimony of said witness, were that appellee Jund would remit all accrued interest on his debt except for one year, and would also remit all attorney's fees; that appellant would take title to both said tracts of land and pay therefor to Jund the amount so agreed upon, and that he would also pay

all costs of court, and would include therein the sum of $50 to be turned over to plaintiffs' attorney as a fee; that appellant might, in lieu of such payment to Jund, execute to him his promissory note for the sum so agreed upon, with interest at the rate of 6 per cent., to be payable at appellant's election on or before any number of years not to exceed five, and to be secured by ordinary deed of trust on both said tracts of land; that plaintiffs were all to be released from liability on the $3,500 note held by Jund and also on the $1,500 note held by appellant, but that M. A. Bletsch and Thompson, in whom the title to the 20-acre tract was then vested, would convey the same to appellant. The testimony of said witness further disclosed that there was probably a recorded abstract of judgment which might affect the title to the 20-acre tract, and that, in event a release of the same could not be secured, it might be necessary, in order to clear the title, to have the same sold under judgment of court enforcing the original vendor's lien; that, to meet such contingency, all the parties agreed that judgment should be rendered by the court in favor of appellee Jund against appellant for the agreed amount of his debt, for costs as above stated, and for foreclosure of lien on both said tracts; and that appellant take nothing against the parties plaintiff except such foreclosure. Said witness further testified that said agreement was stated to the court; that the court asked, in substance, whether same should be recited to and taken down by the court stenographer, and the witness stated that everybody understood it. The stenographer, at the instance of Mr. Rice, who represented Jund, made the following notation: "Agreed judgment for Peter Jund for his debt, principal, interest and attorney's fees, and for foreclosure of his vendor's lien on the 70.3 acres of land described in plaintiffs' pleadings." The court thereupon entered on his docket the following: "Judgment for cross plaintiff, Peter Jund, for his debt, principal, interest and attorney's fees, and for foreclosure of his vendor's lien on the 70.3 acres of land described in plaintiffs' petition." The court also stated on his own recollection, in substance, that the agreement as testified to by Mr. Oltorf was stated in open court, that a record of the same by the court stenographer was waived and judgment rendered thereon, to be entered in event such agreement could not be effectuated by the voluntary acts of the parties. Appellant introduced in evidence a tentative draft of judgment prepared shortly thereafter by Mr. Rice, attorney for Jund. Said draft differed from the terms of the agreement as testified by Mr. Oltorf in that the recovery awarded Jund was for the full amount of his debt, unpaid interest, and at-

torney's fees, amounting in the aggregate to $4,468.46, and provided that the same should be satisfied out of the proceeds of the sale of the two tracts of land, and made no provision for a deficiency execution against any one. Said draft further failed to provide that the sum of $50 should be taxed as costs and paid to plaintiffs' attorney. Mr. Rice testified in that connection that the same was a rough draft of judgment; that he submitted it to the other counsel for consideration, and the same was never approved. Appellee Jund failed and refused to carry out said agreement notwithstanding performance was tendered by all the other parties to the suit. Mr. Oltorf then declined to further represent him in the case, and he appeared and resisted the entry of judgment by other and different counsel.

The findings of the court and his action in entering judgment in this case solve any apparent conflict in the testimony in favor of such action. Hines v. Kansas City Life Ins. Co. (Tex. Civ. App.) 260 S. W. 688, 690, par. 2, and authorities there cited. The court was not restricted in determining the nature and terms of the agreement for judgment entered into in open court, to the recitals in the notation made by him upon his docket. He had a right to hear testimony on the issue and also to be guided in whole or in part by his personal recollection of the transaction. Leon & H. Blum v. Neilson, 59 Tex. 378, 380; Ft. Worth & D. C. Ry. Co. v. Roberts, 98 Tex. 42, 81 S. W. 25, 26, 27, and authorities there cited; State v. Larkin, 41 Tex. Civ. App. 253, 90 S. W. 912, 916, bottom first column (writ refused), and authorities there cited. We think the trial court correctly held that the contractual features of the agreement made in open court were severable from the terms of the judgment there agreed to be entered in event such agreement was not or could not be executed by the voluntary acts of the parties. Every essential element of the judgment actually entered by the court was contained in said agreement. The entry by the court upon his docket shows that judgment was actually rendered thereon. Vagueness or inaccuracy in the terms of such entry could be corrected or omissions therefrom supplied by the court from the testimony adduced and from his own recollection of the transaction. The law favors an amicable adjustment of differences between litigants and a speedy termination of litigation. Elliott v. Shaffer (Tex. Civ. App.) 41 S.W.(2d) 686, par. 1. The court properly ordered the judgment agreed upon by the parties and rendered in open court at the prior term entered of record nunc pro tunc.

The judgment of the trial court is affirmed.