## ACOSTA et al. v. REALTY TRUST CO.

### No. 8563.

Court of Civil Appeals of Texas. Austin.
Nov. 24, 1937.

M. E. Sedberry, of San Angelo, for plaintiffs in error.

Goggins & Ritchie and Mart W. Reeves, all of Dallas, for defendant in error.

BAUGH, Justice.

The Realty Trust Company brought this suit as plaintiff against Ygnacio Acosta and wife, and Pabla Acosta Gomez and husband, upon paving certificates and to foreclose a paving lien on certain property in the city of San Angelo. J. A. Thomas and the San Angelo Lumber Company were made defendants as claiming liens on the property. It is not shown just when the original petition was ·filed but the amended petition, upon which the judgment here attacked was rendered, was filed on February 18, 1933. Theretofore, however, and in reply to the original petition, Pabla Acosta Gomez and husband filed their answer to the suit on April 21, 1931. Ygnacio Acosta and wife filed their answer on May 24, 1932. On April 3, 1931, J. A. Thomas filed his answer and cross action seeking judgment for his debt and for foreclosure of a deed of trust lien on the property as against the plaintiff and the first-named defendants. On April 16, 1931, the San Angelo Lumber Company filed its answer and cross action against Pabla Acosta Gomez and husband to establish its debt against them and have its lien adjudged superior to that of plaintiff and Thomas and foreclosed. On May 23, 1934, Lloyd Kerr and L. D. Gayer intervened and claimed to be the owners, through proper assignment, of the debt and lien held by Thomas.

The next step in the proceedings shown by the record was an entry made by the trial court on his docket, dated November 5, 1935, as follows: "Dismissed for want of prosecution."

This entry was carried into and recorded in the minutes which were approved by the trial court.

At the next term of said court and, so far as the record shows, without .notice to any of the defendants, the trial court had a hearing upon the merits, entered the judgment herein appealed from, wherein it is recited that the plaintiff appeared, that the defendants, Mrs. Minnie A. Thomas, executrix of the estate appeared, and Kerr and Gayer, assignees of the Thomas debt and lien, appeared, but that the original defendants and the defendant San Angelo Lumber Company, though they had filed answers, failed to appear, and entered default judgment against them. The court thereupon rendered judgment in favor of Realty Trust Company for its debt and foreclosure of its lien; and likewise rendered judgment in favor of Kerr and Gayer for their debt and foreclosure of their liens.

The first paragraph of said judgment reads as follows: "On this the 4th day of February, A. D. 1936, came on to be heard the above entitled and numbered cause, and it appearing to the court that on the 5th day of November, A. D. 1935, an order was entered upon the docket of the above entitled and numbered cause and an order was entered in Vol. Q, page 135 of the minutes of the 51st Judicial District Court of Tom Green County, Texas, that said cause be dismissed for want of prosecution. And it further appearing to the court that said entry upon the docket was entered by the court by mistake and that said entry should be set aside, and the Clerk of this court ordered to correct the minutes of this court: It is accordingly ordered that said notation of dismissal be erased from the docket and that said order entered upon the minutes of this court be and the same is hereby set aside."

This writ of error is prosecuted by Ygnacio Acosta and wife, and Pabla Acosta Gomez and husband. The only question presented is whether the trial court had the power, of his own motion, at

a subsequent term of the court, to set aside the order of November 5, 1935, dismissing said suit for want of prosecution, and render the judgment herein appealed from. This depends upon whether the action taken on November 5, 1935, if it be conceded that it was a mistake, was merely a clerical mistake, which the court had the power at a subsequent term to correct; or whether it was a judicial mistake which, if corrected, must be done by bill of review filed for that purpose and notice given to the parties to the suit. It is now well settled that the trial court has the power, after adjournment of the term at which the judgment is rendered, to correct, either at the instance of the parties or upon his own motion, any clerical error in a judgment and so make the record speak the truth. Hays v. Hughes, Tex.Civ.App., 106 S.W.2d 724, writ refused; Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040. But it is equally well settled that he has no such power to so correct judicial mistakes. The instant case is clearly ruled, we think, by Love v. State Bank & Trust Co., 126 Tex. 591, 90 S.W.2d 819, wherein the opinion of the commission was adopted by the Supreme Court. The exact question was there presented and in the Love Case a motion was made at a subsequent term to set aside the former order of dismissal and reinstate the case. The Supreme Court there held that same could be done only by a bill of review, after notice, and not even by motion to do so. The only difference between this case and the Love Case is that in the latter the judge signed an order, entered upon the minutes, dismissing the suit. While no order was separately signed by the judge in the instant case, his judgment was noted upon the docket and this carried into the minutes of the court which were signed by him. The result, we think, is the same. In the judgment of February 4, 1936, it is to be noted that the court does not recite that no such judgment of dismissal was pronounced by him from the bench, or that no such judgment was ever rendered; but only "that said entry upon the docket was entered by the court by mistake. * * *" It was, under the holding of the Love Case, supra, a judgment, and the mistake, if such, made by the trial court, a judicial and not a clerical mistake. This exact question with the supporting authorities cited is fully discussed in Love v. State Bank & Trust Company, and no useful purpose would be served by a further discussion of the question here.

In accordance with the opinion of the Supreme Court in the Love Case, the judgment of the trial court is reversed, and the cause remanded to the trial court, with instructions to strike same from the docket, this being the order approved by the Supreme Court in the Love Case as entered by the Court of Civil Appeals in State Bank & Trust Co. v. Love, 57 S.W.2d 924.

Reversed and remanded, with instructions.