## PERRY v. PERRY.

### No. 3758.

Court of Civil Appeals of Texas. El Paso.

Nov. 3, 1938.

Rehearing Denied Nov. 23, 1938.

Rutledge Isaacks, of El Paso, for appellant.

M. V. Ward and Frank Galvan, Jr., both of El Paso, for appellee.

NEALON, Chief Justice.

December 15, 1931, Teresa Guerrero de Perry brought suit against her husband, Everett Perry, for divorce, for judgment decreeing certain described property to be her separate estate and for injunction pending suit. Citation was duly served on the day that suit was filed. On December 16, 1931, the court entered its order reciting that a hearing on an order to show cause had been held, that plaintiff and defendant both appeared and were present in court, and granting a temporary writ of injunction restraining defendant from removing certain property from plaintiff's possession and from molesting her in any other way.

Prior to September 29, 1937 no final judgment was entered in the minutes of the court, nor was any entry made anywhere in the handwriting of the Judge indicating that final judgment had been rendered. There were no entries among the papers of the case indicating the entry of final judgment.

On September 29, 1937, plaintiff filed an application reciting the filing of the petition and alleging the service of process and further alleging that the cause came on to be heard before the District Court on April 5, 1932, and that the court, after hearing the pleadings and the evidence, granted a divorce and rendered judgment that the plaintiff, Teresa Guerrero de Perry, have a divorce from the defendant, Everett Perry, but that the decree of the court was not entered upon the minutes. Plaintiff prayed that judgment of the court be entered nunc pro tunc as of April 5, 1932, awarding her a divorce from Everett Perry, adjudging certain described property to be her separate estate, and restoring her maiden name, which was Teresa Guerrero. Plaintiff further alleged that only three or four days before the filing of said application had she learned that judgment had not been entered upon the minutes.

The case was tried to the court without the intervention of a jury, and on December 30, 1937 the court entered its judgment finding that the material allegations in the plaintiff's motion for judgment nunc pro tunc were true and correct and that she was entitled to the relief sought, and rendered judgment that judgment (for divorce and costs) be entered nunc pro tunc as prayed and that the same be entered upon the minutes of the court as of April 5, 1932.

From this judgment defendant Everett Perry prosecutes this appeal.

The application for the entry of the judgment nunc pro tunc was heard by the Judge, who, it was alleged, rendered judgment awarding a divorce to plaintiff. He had no independent recollection of rendering judgment as alleged, and made a finding of fact to this effect. He made a further finding of fact that he remembered that the parties to the suit appeared before him, but did not remember independently whether they appeared on the motion to show cause or upon a hearing for divorce or both. He further found upon the testimony of the witnesses "entirely independent of any recollection on his part that the decree of divorce was granted on the 5th day of April, 1932, and that through some inadvertence it was not entered upon the minutes."

The evidence upon which the court's judgment was based will be substantially stated. Teresa Guerrero testified that in either March or April, 1932, she appeared before Judge Coldwell, the trial Judge; that her attorney and her niece were with her; that this appearance in court was about two or three o'clock in the afternoon; that she testified that the divorce was granted to her; that her husband was not present when the divorce was granted, but that prior to that time he had talked to the Judge.

The attorney of record for plaintiff in the original proceeding testified that after the case was filed in December, 1931, a restraining order was issued; that the case "hung on for sometime"; and one day he and his client and her sister came into the court room, the testimony was heard and the Judge granted the divorce; that he did not have the decree prepared and it was never entered; that it was his fault that it was not entered; that the girl who accompanied his client upon that occasion was, according to his information, at Hot Springs, New Mexico; that thereafter plaintiff and defendant came to his office and asked him to draw up an affidavit which was introduced in evidence upon the hearing. This affidavit was made by E. C. Perry, and in it he referred to himself as "the former husband of Teresa Guerrero," and stated that he desired to make a statement therein contained in regard to the affairs of "my ex-wife." The affidavit which recited that certain property was the separate estate of Teresa Guerrero referred to her the second time as the "ex-wife" of the affiant.

The sheet of the Judge's docket upon which the same was docketed had been removed from the active docket to the "disposed of" docket. The clerk's docket contained recitals showing the date of filing and the entry of the usual charges as to stenographer and jury fees, sheriff's costs and miscellaneous costs, petition, appearance, docketing, oath of the attorney to the petition, notice to show cause and copy, costs of citation and copy, as of December 15, 1931; and recording of returns on citation and notice to show cause on December 30, 1931. In pencil there appeared the following notations: "3/6/32 one order 75 cents; 4/5/32 judgment $1.00, one witness 10 cents, and taxing costs, 25 cents; total $6.60, Sheriff $2.65." There also appeared the following entries in ink: "April 5, 1932 received costs from deposit: Harper's fees $6.60, Sheriff's fees $2.65, total $9.25. C. W. Harper, Clerk, by E. M. Montes, Deputy. 4/5/32 received balance of deposit 75 cents," followed by the signature of the clerk of plaintiff's attorney.

There was no evidence contradicting plaintiff's evidence as to the granting of the divorce, though defendant testified that he had lived with plaintiff after the alleged judgment was rendered. This she stoutly denied, though she admitted rendering him assistance and having him undertake errands for her at various times. A lease was also introduced in evidence which was dated September 15, 1933, and which was executed by defendant and recited that he was joined therein by his wife, Mrs. E. C. Perry. The lease covered the place of business of plaintiff. Her explanation of this was that she could not read English, and that Perry told her that he was signing as a witness.

## Opinion

There is but one question in this case. May a district court at a subsequent term to that at which it is alleged a judgment was rendered enter such judgment nunc pro tunc as of the date of the alleged rendition upon evidence satisfactory to the trial judge, though the judge has no independent recollection of having rendered the judgment? Appellant contends that no entry of the alleged judgment is permissible unless it be authorized by matter of record or by some entry made by or under the authority of the court, or unless the

trial court has an independent recollection of the matter.

It is true that in some jurisdictions in directing the entry of judgment nunc pro tunc the court cannot resort to any evidence to show what the judgment should be other than that furnished by the record, and in such jurisdictions parol evidence as to the rendition of the judgment is inadmissible. Early in the history of Texas jurisprudence, however, our Supreme Court declined to adhere to this rule, and in Leon and H. Blum v. Neilson, 59 Tex. 378, the court upheld the action of the trial court in entering judgment nunc pro tunc because the trial judge stated that he distinctly recollected that he made the order and granted the application. It was there stated that the order should not be granted upon the recollection of witnesses who had nothing to do with making it or entering it. That holding was not necessary to the decision of the case and the principle thus declared is not in harmony with the trend of subsequent judicial decisions.

■ There should be borne in mind the distinction between the rendition of the judgment and its entry. Upon authority of Freeman on Judgments that distinction was clearly restated by Justice Phillips in Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040, in the following language [page 1041]:

"Its rendition is the judicial act by which the court settles and declares the decision of the law upon the matters at issue. Its entry is the ministerial act by which an enduring evidence of the judicial act is afforded.

"The failure of the minute entry to correctly or fully recite what the court judicially determined does not annul the act of the court, which remains the judgment of the court notwithstanding its imperfect record. Freeman on Judgments, § 38."

Upon the same high authority it is said: "Hence it is that from the earliest times the power of correcting or amending their records, by nunc pro tunc entry, so as to faithfully recite their action, has been possessed and exercised by the courts as an inherent right, independent of any statute, and, in the absence of express provision, unaffected by limitation. Freeman on Judgments, § 56; Ency. Pl. & Prac. vol. 18, p. 459. Our statutes providing for the correction of mistakes in the record of judgments and decrees (articles 1356 and 1357, Sayles' Civil Stat.) govern the procedure of its exercise; but they are only cumula-

tive of this inherent power of the courts to have their records at all times speak the truth."

■ In the present case the court did not render judgment nunc pro tunc. It merely directed that its entry be made as of the date which it found upon evidence satisfactory to itself was the date of rendition. This holding is in harmony with the weight of judicial opinion in this State.

In Ft. Worth & Denver City Ry. Co. v. Roberts, 98 Tex. 42, 81 S.W. 25, Chief Justice Gaines, in discussing the character of evidence required, said [page 26]: "That an order of a court, which did not appear upon its minutes, and of which there was no written memorandum upon the judge's docket or elsewhere, could be established by oral evidence, was held by this court at an early date," citing State v. Womack, 17 Tex. 237, 238. In this case the court commented upon Blum v. Neilson, supra, and stated, in effect, that the suggestion as to what should be required in the future was not stated as a rule of court, and was not binding.

General expressions of this court in Finnigan-Brown Co. v. Escobar, Tex.Civ.App., 192 S.W. 256, are in harmony with this line of decisions. It held that the district court erred in entering a judgment nunc pro tunc without requiring evidence to show that it had in fact rendered the judgment and in refusing to receive evidence that the alleged judgment was not in fact rendered.

In the course of its opinion in Partridge v. Wooton, 63 Tex.Civ.App. 280, 137 S.W. 412, the Ft. Worth Court of Civil Appeals, speaking through Chief Justice Conner, used this language [page 413]: "We think it now settled in this state that in the correction of a judgment, as authorized by the Revised Statutes of 1895, art. 1356, the court may act upon his own recollection, or upon such legal evidence, oral or otherwise, as to the court may seem proper," citing Ft. Worth & D. C. Ry. Co. v. Roberts, supra, also Freeman on Judgments, § 53. This text was quoted approvingly by this court in Smith v. Moore, 212 S.W. 988. In Lummus v. Alma State Bank, 4 S.W.2d 195, the Waco Court of Civil Appeals said that while ordinarily where an application is presented to enter a judgment nunc pro tunc the court will itself decide the question as to whether the alleged order was originally made, yet it has the discretion to elect to submit this issue of fact to a

jury. Such holding is inconsistent with the idea that the judge's own recollection is indispensable and all-controlling. See, also, McGhee v. Dickey, 4 Tex.Civ.App. 104, 23 S.W. 404.

In the light of the cited authorities and of other cases which are not noted in the opinion, we hold that the district court committed no error in ordering the entry of the judgment nunc pro tunc upon evidence that satisfied it that the judgment had been actually rendered.

Judgment is affirmed.