Louis **AZOPARDI** et al., Appellants,

v.

W. S. **HOLLEBEKE**, Appellee.

No. 4724.

Court of Civil Appeals of Texas.

Waco.

April 18, 1968.

Ronald B. Brin, Corpus Christi, for appellants.

James & Crosier, Cleburne, for appellee.

## OPINION

WILSON, Justice.

The clerk having heretofore notified the attorney for appellant in accordance with Rule 389, Texas Rules of Civil Procedure, and appellants' counsel having filed what is to be considered a motion to file the record submitted, we have docketed same, and overrule the motion to file the record.

Judgment in the cause, according to the transcript, was rendered, dated and signed November 14, 1967. Original motion for new trial was filed November 22. Amended motion for new trial was filed December 6, 1967. This motion was overruled by operation of law January 20, 1968 under Rule 329b. On February 15, 1968 an order was "signed and entered" overruling the amended motion for new trial. The latter order is a nullity. Lucchese v. Specia, Tex.Civ.App., 281 S.W.2d 725, writ ref.; Washington v. Golden State Mut. Life Ins. Co., Tex.Civ.App., 405 S.W.2d 856. The notice of appeal was attempted to be given in this order, and was too late.

The appeal bond, filed March 6, 1968, recites the amended motion for new trial was "overruled February 15." The bond likewise was too late.

Appellant asks us to consider a docket sheet which appears to contain an entry: "Jan. 12, '68. Defts. amended motion for new trial overruled".

The docket entry forms no part of the record which may be considered. Stark v. Miller, 63 Tex. 164; Hudgins v. T. B. Meeks Co., Tex.Civ.App., 1 S.W.2d 681; Burleson v. Moffett, Tex.Civ.App., 3 S.W. 2d 544; Johnson v. Williams, (Tex.Civ. App., 1930) 24 S.W.2d 79; Restelle v. Williford, Tex.Civ.App., 364 S.W.2d 444, syl. 1, writ ref. n. r. e., and cases cited.

Even if the docket entry were to be considered, the appeal bond was filed more than 30 days after the date the docket showed the motion was overruled. The motion to file the record is overruled.