The BOARD OF ADJUSTMENT OF the CITY OF SAN ANTONIO and St. Brigid's Catholic Church, Appellants,

v.

Robert L. LEON et al., Appellees.

No. 16450.

Court of Civil Appeals of Texas, San Antonio.

June 10, 1981.

Jake Talley, Jr., Asst. City Atty., James L. Drought, Brite, Drought, Bobbitt & Halter, San Antonio, for appellants.

Robert E. Kozlowski, Phillip D. Hardberger, Robert L. Strickland, San Antonio, for appellees.

CADENA, Chief Justice.

This is an appeal from a summary judgment setting aside the grant of a special exception by the Board of Adjustment of the City of San Antonio, permitting St. Brigid's Catholic Church to use land in an "R–1" residential zone as a non-profit ball park and practice field.

Appellees Robert L. Leon and wife, Lee Leon, sought relief in the district court from the action of the Board by writ of certiorari. Appellees Kenneth Kidd and wife, Mary Kidd, intervened. Both the Leons and the Kidds filed motions for summary judgment which were granted by the trial court. The summary judgment in favor of appellees, setting aside the Board's action, was based on the following grounds: (1) the decision of the Board was not supported by substantial evidence; (2) a final judgment in a previous case setting aside a grant of a special exception by the Board to St. Brigid's Church was determinative of the issues in this case under the doctrine of res judicata; (3) the granting of the special exception amounted to illegal "spot zoning"; and (4) the Board failed to make, and incorporate into its minutes, the findings expressly required by the zoning ordinance as a condition precedent to the grant of a special exception by the Board.

Each of the four bases for the summary judgment is challenged by appellants by appropriate points.

*Substantial Evidence*

Under the substantial evidence rule, which all parties concede is applicable to judicial review of a decision of the Board, the decision of an administrative agency must stand unless the record as a whole compels the conclusion that reasonable minds could not have reached the conclusion reached by the agency. *Board of Adjustment of the City of Corpus Christi v. Whitlock*, 442 S.W.2d 437, 439 (Tex.Civ.App.— Corpus Christi 1969, writ ref'd n. r. e.).

Since there is a presumption in favor of the validity of the administrative agency's action, the burden is on the person challenging such action to show that it is *not* supported by substantial evidence. *Pruitt v. City of Houston,* 548 S.W.2d 90, 95 (Tex.Civ. App.—Houston [1st Dist.] 1977, no writ).

■ The question of the absence of substantial evidence to support the administrative order is decided by considering the evidence introduced in the trial court and not on the basis of the evidence adduced at the hearing before the administrative agency. *Firemen's & Policemen's Civil Service Commission of the City of Port Arthur v. Hamman,* 404 S.W.2d 308 (Tex. 1966); *Southern Canal Co. v. State Board of Water Engineers,* 159 Tex. 227, 318 S.W.2d 619 (1958).

A summary judgment record which is made in the trial court consists of pleadings, depositions and admissions filed in the case, together with any affidavits filed in support of or opposition to the motion. In this case appellees, in support of their contention that the order of the Board is not reasonably supported by substantial evidence, attached a transcript of the proceedings before the Board. This transcript contains, in narrative form, unsworn statements made by the various persons who appeared in support of or opposition to the application for special exception. The statements made by such "witnesses" at the Board hearing were not under oath, nor is the motion for summary judgment accompanied by any affidavit embodying the substance of such unsworn statement and reciting that the facts are, within the personal knowledge of the affiant, true. The motion and exhibits furnish no basis for the trial court's conclusion that the action of the Board was not supported by substantial evidence. *Cruz v. City of San Antonio,* 424 S.W.2d 45, 47–8 (Tex.Civ.App.—San Antonio 1968, no writ), on subsequent appeal following remand, 440 S.W.2d 924 (Tex.Civ. App.—Waco 1969, no writ).

■ In any event, the "evidence" heard by the Board and incorporated in the transcript was sharply conflicting. Where a court is reviewing an action of an administrative agency under the substantial evidence rule the court is not a fact finder. The question of "substantial evidence" to support the order is a question of law, not of fact, and all conflicts in the evidence must be resolved in favor of the agency. *City of Carrollton v. Keeling,* 560 S.W.2d 488 (Tex.Civ.App.—Dallas 1977, writ ref'd n. r. e).

■ Appellees failed to discharge their burden of establishing the lack of substantial evidence to support the Board's order.

### Res Judicata

■ The prior final judgment on which appellees rely was signed on May 13, 1977, in cause number 76–CI–15944, styled *Robert L. Leon and wife, W. Lee Leon, v. The Board of Adjustment of the City of San Antonio.* That judgment set aside an order of the Board of Adjustment in 1976 granting St. Brigid's Church a special exception to maintain a ball park and practice field on the same land as that involved in this case.

It is clear that the plea of *res judicata* is not well founded. A judgment that a 1976 order of the Board is illegal cannot be conclusive of the validity of a 1979 order of such Board, entered in a new proceeding.

The 1977 judgment recites that the 1976 order was illegal and void because (1) there was no "compliance with Article 1011g of Texas Revised Civil Statutes and applicable provisions of the San Antonio Zoning Ordinance ..."; (2) the 1976 proceedings did not meet with the requirements of due process in that "there were taxpayers and parties in interest who were present and wished to be heard and were not heard, and further that the notices sent were insufficient to apprise all parties in interest of the pendency of the action and extent and nature of the exception sought."

The 1977 judgment must, of course, be considered a final adjudication as to the validity of the 1976 proceedings before the Board. Since the pleadings in the prior case are not a part of the record, we do not know how the Board violated Article 1011g.

Whatever that violation might have been, there is nothing in the record before us that the 1979 proceedings were conducted in the same manner and were, therefore, subject to the same objection. It is, similarly, impossible to determine in what manner the 1976 proceedings violated the zoning ordinance and, therefore, it is impossible to determine whether the same issues concerning the violation of the ordinance are involved in this case. The prior judgment recites that there was a violation of due process in that several persons "were present and wished to be heard . . . ." We must, perhaps, assume that there were persons present at the 1976 proceedings who were denied the right to be heard, since, absent such denial of the right to be heard it is difficult to imagine a violation of due process requirements. The record before us does not establish that any person was denied the right to be heard in the 1979 proceedings. Finally, absent the pleadings in the prior judicial proceeding, we know nothing concerning the notices of the 1976 Board proceedings which were held to be insufficient. It is, thus, impossible to determine whether the notices of the 1979 hearing were subject to the same objection.

In order to uphold the plea of *res judicata* we must presume that in the 1979 proceedings the Board tenaciously repeated the same errors which led to the invalidation of their former order. An examination of the record before us discloses nothing which might be deemed a violation of Article 1011g and, unless we question the correctness of the prior judgment, we must assume that something occurred during the 1976 hearing which was not repeated during the 1979 hearing. The same is true of the reference in the prior judgment to some undisclosed violation of the zoning ordinance.

■ We may not indulge in presumptions for the purpose of upholding a summary judgment. In a summary judgment case an appellate court will not indulge presumptions in favor of the judgment. Since we are not prepared to hold that a judicial declaration of invalidity of administrative action *ipso facto* renders invalid all subsequent administrative proceedings dealing with the same subject matter, without reference to the manner in which the subsequent proceedings were conducted, we must hold that appellees, by failing to make their pleadings in the prior case a part of the summary judgment record, failed to establish identity of issues as a matter of law and failed to establish that any of the factual issues or legal questions involved in this case were determined in the prior judicial proceeding. *Chandler v. Carnes Company*, 604 S.W.2d 485 (Tex.Civ.App.—El Paso 1980, writ ref'd n. r. e.).

## *Spot Zoning*

In their motion for summary judgment the Leons alleged that the decision of the Board "does not conform to a comprehensive plan, authorizes incompatible use and constitutes illegal spot zoning." The Kidd motion asserts that the decision of the Board of Adjustment "resulted in land use change which constitutes *de facto* spot zoning as a matter of law."

■ These allegations can properly be referred to as mere conclusions. Neither motion is sworn to, and the attachments to the motions contain no affidavits or other competent summary judgment evidence which tends to support the allegations that the exception granted "does not conform to a comprehensive plan," or that it "authorizes an incompatible use" or that it constitutes "spot zoning." It certainly cannot be held that a mere allegation that the exception granted results in a change in use is sufficient to establish, as a matter of law, that the granting of the exception constitutes spot zoning, "*de facto*" or of some other ilk. Nowhere in the motion of the Leons is there a hint concerning the comprehensive plan to which the granting of the exception fails to conform, nor is there any attempt to point out the manner in which the Board's action fails to conform to this unidentified comprehensive plan. The exhibits and attachments do not identify the comprehensive plan nor the particulars in which the Board's action fails to conform to it.

The invocation, in unsworn pleadings, of the epithet, "spot zoning," cannot support the conclusion that the action of the Board is, under the summary judgment record before us, invalid as a matter of law.

In this case the City of San Antonio, acting through its legislative body, has incorporated in the zoning ordinance a provision allowing, under specified conditions, ball parks and practice fields "operated by non-profit civic organizations and churches for organized children's teams . . . ." This is a clear determination by the legislative body that such use is not incompatible with residential use. Such legislative finding cannot be set aside cavalierly on the basis of an unsworn allegation that the use is an "incompatible use."

█ The vice in spot zoning, using that term as synonymous with illegal zoning, is that it violates the comprehensive plan which is designed to control and direct the use and development of property in the municipality. This comprehensive plan to which a zoning ordinance must conform may embody the legislative determination that the best interests of the community as a whole would be served by allowing, for example, playgrounds and small businesses to be located within a residential zone. In such a case, an ordinance permitting such small "islands" of nonresidential uses within a residential district would be in conformity with the comprehensive plan rather than an arbitrary or unreasonable violation of the plan.

█ Given the provisions of the zoning ordinance itself, it cannot be said that the naked assertion that the action of the Board in this case is not in conformity with a comprehensive plan establishes such nonconformity as a matter of law. Nowhere in their pleadings do appellees challenge the validity of the legislative action which permits ball parks and practice fields to be located in residential districts.

█ The term "spot zoning" is used by the court to describe an amendment to the zoning ordinance which is invalid because such amendment is not in accordance with the municipality's comprehensive plan. 1 R. M. Anderson, American Law of Zoning § 5.08 at 286 (2d ed. 1976). Although the courts may use different language in defining the term, common to all definitions is the assertion that "spot zoning" involves amendments to existing zoning ordinances. 5 P. J. Rohan, Zoning and Land Use Controls § 38.01[1] at p. 38–2 (1981). The conclusion is inescapable that the action of a board of adjustment in granting variances or exceptions in the exercise of the power vested in such board by the zoning ordinance cannot result in invalid spot zoning. The critical distinction rests in the difference between the traditionally legislative process of amending the zoning ordinance and the administrative or, perhaps, "quasi-judicial" act of granting a variance or exception as authorized by the ordinance. *See Jablon v. Town Planning and Zoning Commission of the City of Newton*, 157 Conn. 434, 254 A.2d 914, 916 (1969); *Glidden v. Town of Nottingham*, 109 N.H. 134, 244 A.2d 430, 431 (1968); *Fitzgerald v. Board of Review of the City of Newport*, 99 R.I. 221, 206 A.2d 635 (1965).

*Absence of Fact Findings*

█ The zoning ordinance provides that the Board shall not grant a special exception unless it makes certain specified findings and incorporates such findings in the official minutes of the meeting at which the special exception was authorized. It is undisputed that in this case the required fact findings were not incorporated in the minutes and, apparently, were not made. The failure to comply rendered the action of the Board void. *Skates v. City of Paris*, 363 S.W.2d 425 (Tex.1963); *Thompson v. Railroad Commission*, 150 Tex. 307, 240 S.W.2d 759 (1951); *Metzger v. City of San Antonio*, 384 S.W.2d 901 (Tex.Civ.App.—San Antonio 1964).

The judgment of the trial court is affirmed.