**Suzette KELLER, Valarie Nevel and Douglas Nevel, Petitioners,**

v.

**Donald NEVEL, Respondent.**

**No. C–4599.**

Supreme Court of Texas.

Nov. 13, 1985.

Goldberg & Alexander, Rex Henger, Dallas, for petitioners.

Douglas H. Parks, Dallas, for respondent.

PER CURIAM.

■ This is a suit to enforce a New Hampshire divorce decree ending the marriage of Keller and Nevel. Valarie and Douglas are children of that marriage. Our sole inquiry is whether the foreign decree is entitled to full faith and credit under Art. IV., Section I of the United States Constitution. We hold that it is so entitled and, without hearing oral argument, reverse the judgment of the court of appeals, pursuant to TEX. R. CIV. P. 483.

In an unpublished opinion, the court of appeals reversed a judgment for Keller, holding that the New Hampshire decree was not enforceable because she had failed to prove that the right to payment was vested and not subject to modification under New Hampshire law, as required by this Court's ruling in *Gard v. Gard,* 150 Tex. 347, 241 S.W.2d 618 (1951). Significantly, we note that the opinion below did not turn on the finality of the foreign judgment. Rather, the court determined that Keller had failed to place the relevant laws of the state of New Hampshire before the trial court so that it could properly render judgment. We disagree.

■ The record reflects that Keller filed a pre-trial motion requesting the court to take judicial notice of New Hampshire law. The court of appeals disregarded the motion because the record does not reveal an express ruling on the motion and because they found it insufficient to apprise the trial court of the laws Keller relied upon. As to the latter, we hold that the sufficiency of a motion to take judicial notice is a question best answered by the trial court. As to the former, TEX. R. CIV. P. 184 is dispositive. Rule 184 provides:

> The judge upon the motion of either party *shall* take judicial notice of the common law, public statutes, ... and court decisions of every other state, terri-

tory, or jurisdiction of the United States. (Emphasis added).

The mandate of Rule 184 is clear in regard to the law of sister states: once the law has been invoked by proper motion, the trial court has no discretion—it must acknowledge that law.

■ The record is completely void of any suggestion that Keller failed to comply with the requirements of Rule 184. To the contrary, every reasonable inference points toward the trial court's intent to acknowledge and apply New Hampshire law. Consequently, we adhere to the well established rule of review that the record below be construed in a light favorable to supporting the judgment of the court. We therefore hold that the court of appeals erred in disregarding Keller's motion to take judicial notice. Pursuant to that motion, the laws of the state of New Hampshire were properly before the court.

The judgment of the court of appeals is reversed and the cause is remanded to that court for further proceedings consistent with this opinion.