ENERGO INTERNATIONAL
CORPORATION, Appellant,

v.

MODERN INDUSTRIAL HEATING,
INC., Appellee.

No. 05–85–01289–CV.

Court of Appeals of Texas,
Dallas.

Oct. 30, 1986.

Richard Parker, Michael C. Prior, Houston, for appellant.

J. Michael Weston, Leonard J. McDonald, Jr., Dallas, for appellee.

Before AKIN, SCALES and CARVER[1], JJ.

SCALES, Justice.

Energo International Corporation (Energo) appeals from a summary judgment rendered in favor of Modern Industrial Heating, Inc. (Modern). Energo contends that the trial court erred in granting Modern's motion for summary judgment because Energo's amended answer with supporting affidavits raised a material fact issue on Energo's claim of offset, and because a material fact issue was raised regarding Energo's liability to Modern on sales taxes due to the State of Texas on goods Energo purchased from Modern. We affirm.

Modern brought suit against Energo seeking to recover $3,801.99 due on an account and for $12,300 in sales taxes due on goods sold to Energo. After Energo answered generally denying Modern's claim, Modern filed a motion for summary judgment. Energo answered and filed supporting affidavits. In its answer to Modern's motion, Energo denied that it owed Modern $3,801.99, alleged that Modern owed Energo $63,750.00, and alleged that any account which showed that Energo owed Modern $3,801.99 had not taken into account the $63,750.00 that Modern owed Energo. On the day of the hearing on Modern's summary judgment motion, Energo filed an amended answer to Modern's petition generally denying Modern's claim and alleging offset of $63,750.00. The trial court subsequently granted Modern's motion and entered judgment in favor of Modern.

In its first point of error, Energo contends that the trial court erred in granting Modern's motion for summary judgment because Energo's amended original answer and supporting affidavit raised a material fact issue concerning offset. Modern argues that the affirmative defense of offset was not properly before the court because Energo's amended answer was not on file at the time of the hearing and Energo did not obtain the trial court's permission to file the amended answer, and because Energo's affidavit was insufficient to "raise a contest" to Modern's motion for summary judgment.

Rule 166–A of the Texas Rules of Civil Procedure provides:

The judgment sought shall be rendered forthwith if the *pleadings*, depositions, answers to interrogatories, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, *on file at the time of the hearing, or filed thereafter and before judgment with permission of the court,*

---

1. The Honorable Spencer Carver, Justice, retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response.

TEX.R.CIV.P. 166–A (emphasis added). Thus, we first determine if Energo's amended answer was "on file at the time of the hearing." Rule 63 provides that no amended pleadings shall be filed within seven days of trial, except on leave of court. *See* TEX.R.CIV.P. 63. A summary judgment hearing is a "trial" under Rule 63. *See Claude Regis Vargo Enterprises, Inc. v. Bacarisse*, 578 S.W.2d 524, 529 (Tex. Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). The record shows that Energo's amended answer was filed on the day of the summary judgment hearing. The parties disagree as to exactly when the answer was filed on that day. However, there is no question that Energo did not obtain leave of court before the summary judgment hearing. Consequently, under Rule 63, even if the answer was filed before the summary judgment hearing as Energo contends, it was not properly "on file at the time of the hearing" as required by Rule 166–A.

■ We next determine whether, under Rule 166–A, the amended answer was filed "with permission of the court" after the summary judgment hearing. Energo argues that the docket sheet entry, which reads, "Pltfs MSJ. Argued, under advisement to 6/30/85 for all pleadings to be amended (trial judge's initials)," indicates that the trial court accepted Energo's amended answer. We disagree.

A docket entry forms no part of the record which may be considered; it is a memorandum made for the trial court and clerk's convenience. *Azopardi v. Hollebeke*, 428 S.W.2d 167, 168 (Tex.Civ.App.—Waco 1968, no writ); *Restelle v. Williford*, 364 S.W.2d 444, 445 (Tex.Civ.App.—Beaumont 1963, writ ref'd n.r.e.).[2] Consequently, there is no indication in the record that permission of the court was requested or

2. The dissent cites *N–S–W Corp. v. Snell*, 561 S.W.2d 798 (Tex.1977), as overruling the above-cited cases by holding that "a docket entry may be considered to supply facts in certain situations." *N–S–W Corp.* involved a side-by-side comparison of a docket sheet entry and a final judicial order. The court held that the docket entry must yield to the final judicial order because a "docket entry may supply facts in certain situations, *but* it cannot be used to contradict or prevail over a final judicial order." *N–S–W Corp.*, 561 S.W.2d at 799.

The dissent argues that we have one of the "certain situations" before us so that the docket entry may be used to supply the fact that the trial judge gave Energo permission to file an amended pleading after the summary judgment hearing. The dissent apparently interprets the holding in *N–S–W Corp.* that a docket entry cannot be used to prevail over a final judicial order as applying only where a litigant, in a side-by-side comparison of the docket entry and the final judgment, attempts to defeat or alter the express terms of the judgment. The dissent urges that in other situations, such as in the present case, facts shown by the docket entry may be used, even if the result is to defeat the final judgment, so long as the docket entry, in a side-by-side comparison, does not *directly* defeat the final judgment.

We disagree with the dissent's reasoning for two reasons. First, we do not believe that this is one of the "certain situations" envisioned by the supreme court when it announced in *N–S–W Corp.* that a "docket entry may supply facts in certain situations." The supreme court was merely recognizing a limited exception to the holding in *Azopardi* and *Restelle*—that docket entries may be used to correct clerical errors in judgments or orders. In fact, the cases cited by the dissent for the proposition that a docket entry is part of the record and can be considered on appeal are cases where facts supplied by docket sheet entries were used to correct clerical error in a judgment or to determine the meaning of words used in a judgment. We do not have a case of clerical error before us.

Second, and more importantly, docket entries are inherently unreliable. For purposes of defeating the final summary judgment for Modern under the dissent's analysis, Energo's amended pleading would rest entirely upon a fact supplied from an unclear docket entry. Implicit in the *N–S–W Corp.* holding is an awareness of the dangers in using an informal docket entry to defeat a formal court order. The dangers of unreliability are equally apparent here; Energo attempts to defeat a final summary judgment by relying on a docket entry which purportedly gave it permission to file untimely amended pleadings, and in light of those pleadings, then argues that summary judgment was improperly granted.

obtained to file the amended answer and that the amended answer was properly before the court.

Further, even if the docket sheet were considered, we hold that the entry does not indicate that the trial court accepted and considered Energo's amended answer. The consideration of pleadings filed in the interim between hearing and judgment is within the trial court's discretion. *Brown v. Prairie View A & M University,* 630 S.W.2d 405, 411 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). Energo has not attempted to show that the trial court abused its discretion in not considering the amended answer. The trial court is charged with the duty only of considering the record as it properly appears before it when the summary judgment motion is heard. *Id.* Accordingly, we hold that the amended answer was not properly before the court, that there is no showing of an abuse of discretion by the trial court in not considering the amended answer, and that the affirmative defense of offset was not properly pled, and therefore, was not before the trial court. The point of error is overruled.

Energo next contends the trial court erred in granting Modern's motion for summary judgment because Energo presented evidence which raised a material fact issue concerning Energo's liability on certain sales tax due the State of Texas. We disagree.

The record indicates that Energo agreed with Modern that Energo would assume liability for payment of any tax due on sales of goods from Modern to Energo, if such sales were not exempt from such taxes under Energo's exemption permit. The record further indicates that the Texas Comptroller of Public Accounts determined that such sales between Modern and Energo were not exempt, that taxes in the amount of $12,348.50 were due, and that Modern paid the taxes to the State Comptroller of Public Accounts.

Energo contends that its summary-judgment evidence showed that another corporation owed and paid the sales tax in question. The affidavit of Energo's president, attached to Energo's response to Modern's summary judgment motion, states that "[s]uch sales taxes are the liability of Texas Upsetting and Finishing, Inc. and Continental Bank of Illinois and Ferrotherm Corp., not Energo Interogational [sic] Corporation," and that "[t]o the best of my knowledge, Ferrotherm Corp. has paid the sales taxes claimed due." The affidavit of the president of Ferrotherm Corporation states "[t]hat the sales taxes due on material purchased from Energo International Corporation which had been purchased by [Energo] from [Modern] are being paid directly to the State of Texas by Ferrotherm Corporation pursuant to an agreement between the State of Texas and Ferrotherm Corporation."

Even assuming that these conclusory statements are competent summary-judgment proof, they clearly do not raise a fact issue as to Energo's liability for sales taxes under the contract between Energo and Modern. Whether a third party owes Energo reimbursement of the taxes paid is irrelevant to Energo's liability under the Energo-Modern contract. We hold that the trial court properly granted summary judgment to Modern. Energo's second point of error is overruled.

The judgment of the trial court is affirmed.

AKIN, J., files a dissenting opinion.

AKIN, Justice, dissenting.

I cannot agree that appellant's amended answer was not properly before the trial court where the docket sheet contains an initialed notation by the trial judge granting an extension for the filing of amended pleadings. Neither can I agree that the record on review is to be construed in a light favorable to the trial court's judgment in a summary-judgment proceeding. Consequently, I would hold that the plaintiff's right to recover on its amended petition was not precluded as a matter of law by Modern's summary-judgment evidence. Accordingly, I would reverse the judgment

and remand this cause. Thus I must dissent.

Energo International Corporation (Energo) contends that the trial court erred in granting appellee's motion for summary judgment when appellant had on file an amended answer with supporting affidavits alleging offsets to appellee's claim, which amended-petition allegations were not precluded as a matter of law by movant's summary-judgment evidence. I agree. The docket sheet of the trial court contains the following written entry:

"6/17/85 Plaintiff's MSJ. Argued. Under advisement to 6/30/85 for all pleadings filed to be amended." (Judge's initials).

This notation establishes that the trial judge extended the time for the filing of amended pleadings until June 30, 1985. Energo filed the amended answer on June 17, 1985, and the file mark on the amended answer reflects this date. The majority disregards this evidence on the ground that "a docket entry forms no part of the record which may be considered; it is a memorandum made for the trial court and clerk's convenience." I disagree with this statement. The cases cited by the majority as supporting this proposition ignore the Texas Supreme Court's opinion in *N–S–W Corporation v. Snell*, 561 S.W.2d 798 (Tex. 1977), which holds that a docket entry may be considered to supply facts in certain situations. *See also Mathews v. Looney*, 132 Tex. 313, 123 S.W.2d 871 (1939); *Ford v. Ireland*, 699 S.W.2d 587, 588 (Tex.App.— Texarkana 1985, no writ); *Whitexintl Corporation v. Justin Companies*, 669 S.W.2d 875, 877 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.); *Courtlandt Corporation v.*

*Trico Service Corporation*, 600 S.W.2d 883 (Tex.Civ.App.—Houston 1980, writ ref'd n.r.e.). Furthermore, it is well settled that the docket entry is a part of the court record and need not have been tendered into evidence to be considered either by the trial court or by the appellate court. *Petroleum Equipment Financial Corporation v. First National Bank of Fort Worth*, 622 S.W.2d 152, 154 (Tex.Civ.App. —Ft. Worth 1981, writ ref'd n.r.e.), citing *Port Huron Engine & Thrasher Co. v. McGregor*, 131 S.W. 398 (Tex.1910), and *Bockemehl v. Bockemehl*, 604 S.W.2d 466 (Tex.Civ.App.—Dallas 1980, no writ). *See also Kluck v. Spitzer*, 54 S.W.2d 1063, 1065 (Tex.Civ.App.—Waco 1932, writ refused); *Pruet v. Coastal States Trading, Inc.*, 715 S.W.2d 702, 705 (Tex.App.—Houston [1st Dist.] 1986); *Wood v. Griffin & Brand of McAllen*, 671 S.W.2d 125, 130 (Tex.App.—Corpus Christi 1984, no writ); *Davis v. Davis*, 647 S.W.2d 781, 783 (Tex. App.—Austin 1983, no writ); *City of San Antonio v. Terrill*, 501 S.W.2d 394, 396 (Tex.Civ.App.—San Antonio 1973, writ ref'd n.r.e.); *Hillhouse v. Allumbaugh*, 258 S.W.2d 826, 828 (Tex.Civ.App.—Eastland 1953, writ ref'd n.r.e.); *Perry v. Perry*, 122 S.W.2d 726, 728 (Tex.Civ.App.—El Paso 1938, no writ); and *Acosta v. Realty Trust Co.*, 111 S.W.2d 777, 779 (Tex.Civ.App.— Austin 1937, no writ). Accordingly, I would hold that the trial judge's docket sheet may be considered in determining whether the amended answer was properly before the court in a summary-judgment proceeding.[2]

Neither can I countenance the majority's misdirected adherence to the rule of review that the record be construed in a light favorable to supporting the trial court's

---

2. Contrary to footnote 2 to the majority opinion, my proposed holding would not permit a docket entry to defeat a written judgment. The majority misunderstands the holding in *N–S–W Corporation v. Snell* that a docket entry may not be used to defeat a final judgment. The rule properly interpreted, means that a docket entry of what the judgment purports to be cannot override or cast doubt upon the written judgment, where the two are different. That rule does not apply as here where the docket sheet in no way contradicts the written judgment. If the majori-

ty's understanding of the rule was correct, that the "docket entry may not be used to defeat the final summary judgment for Modern," then an exception to the rule could never exist because in all cases the docket-sheet entry has been used to support a ground for reversal of a judgment. Indeed, the majority's statement is contrary to all cases in which the docket sheet entry has been used to support judgment nunc pro tunc. *E.g., City of San Antonio v. Terrill*, 501 S.W.2d 394, 396 (Tex.Civ.App.—San Antonio 1973, writ ref'd n.r.e.).

judgment. This rule does not apply in summary-judgment proceedings. The granting of a summary judgment should be affirmed on appeal only if the record established a right to the summary judgment as a matter of law. *McNaab v. Kentucky Central Life Insurance,* 631 S.W.2d 253 (Tex.Civ.App.—Fort Worth 1982, no writ). Consequently, there is a "heavy, horrendous burden placed upon the movant" for summary judgment. *Lee v. McCormick,* 647 S.W.2d 735, 737 (Tex.App.—Beaumont 1983, no writ). Because of this burden on the movant in summary-judgment cases, where all matters considered by the trial court are in the record, the appellate court will not indulge any presumptions in favor of the judgment. *Kenney v. Porter,* 557 S.W.2d 589, 592 (Tex.Civ.App.—Corpus Christi 1977, no writ); *Hungate v. Hungate,* 531 S.W.2d 650 (Tex.Civ.App.—El Paso 1975, no writ). *See also Board of Adjustment v. Leon,* 621 S.W.2d 431 (Tex.Civ.App.—San Antonio 1981, no writ), which held "In a summary judgment case an appellate court will not indulge presumptions in favor of the judgment." *Id.* at 435. Furthermore, where there is no indication that evidence was introduced before and considered by the trial court which is not brought forward in the record, no presumptions are to be made in favor of a summary judgment. *Box v. Bates,* 162 Tex. 184, 346 S.W.2d 317, 319 (1961). The case the majority relies upon, *Keller v. Nevel,* 699 S.W.2d 211 (Tex. 1985) is distinguishable in that it was not a summary-judgment proceeding, nor did it state that that rule is applicable to summary-judgment proceedings. Consequently, no presumptions can be made in favor of the trial court's judgment for Modern Industrial Heating, Inc.

Accordingly, I would hold that the trial court erred in granting summary judgment for Modern Industrial Heating, Inc. because Energo's amended answer with supporting affidavits raised a material fact issue with respect to Energo's claim of offset. The docket sheet reveals that the trial judge permitted the filing of Energo's amended answer, and no presumptions favorable to the judgment can be made otherwise. Accordingly, I would reverse the judgment of the trial court and remand for trial.