Petition for Writ of Mandamus Denied and Memorandum Opinion filed
October 3, 2006








Petition
for Writ of Mandamus Denied and Memorandum Opinion filed October 3, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00768-CV

____________

 

IN RE: MICHAEL HICKS AND JERRY FAZIO, Relators

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

On
September 7, 2006, relators, Michael Hicks and Jerry Fazio filed
a petition for writ of mandamus in Cause No. 2005V-0034, styled Clarendon
Ins. Group, Inc. v. Catherine Taylor, individually and next friend of Charles
D. Taylor, and William Heitkamp, pending in the 155th Judicial District
Court of Austin County, Texas, the Honorable Judge Dan R. Beck presiding. 
See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see also Tex. R. App. P. 52.  Relators ask this
court to review trial court orders that are ostensibly memorialized on the
trial court=s docket sheet and confirmed by counsel via counsel=s subsequent letter to the court.  








Relator=s petition is insufficient to permit
mandamus review under Texas Rule of Appellate Procedure 52.3(j)(1)(A), which
mandates an appendix containing Aa certified or sworn copy of any
order complained of, or any other document showing the matter complained of.@  Tex.
R. App. P. 53.3(j)(1)(A).  A copy of the court=s docket sheet does not satisfy this
rule, because A[a] docket entry forms no part of the record which may be considered; it
is a memorandum made for the trial court and clerk=s convenience.@  Energo Intern. Corp. v. Modern
Indus. Heating, Inc., 722 S.W.2d 149, 151 (Tex. App.CDallas 1986, no writ).  Counsel=s subsequent letter attempting to
confirm the content of the trial court=s alleged order does not change this
result, but serves instead to underscore the problem that the current record
creates.  It simply is not clear what the trial court ordered or whether it
ordered anything at all.  Under these circumstances, review is not possible.

We
accordingly deny relator=s petition for writ of mandamus.  In the event that the trial
court issues an order within 15 days of our ruling, under Texas Rule of
Appellate Procedure 52.9, we will entertain a motion for rehearing based on a
supplemental record.

PER
CURIAM

 

Petition Denied and Memorandum Opinion filed October
3, 2006.

Panel consists of Justices Fowler, Edelman, and Frost.