**Dismissed and Opinion Filed February 19, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01273-CV

### IN THE INTEREST OF K.B.W, a child

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-50875-07**

## MEMORANDUM OPINION
Before Chief Justice Wright, Justice Lang-Miers, and Justice Stoddart
Opinion by Chief Justice Wright

By letter dated December 18, 2014, the Court raised a question concerning its jurisdiction over this appeal because it appeared the trial court had not signed an appealable order in this case and the decision of the trial court appellant sought to appeal was not subject to appeal. Specifically, appellant's notice of appeal stated he wished to appeal the trial court's order dated September 10, 2014. Upon review of the clerk's record in the case, the Court determined that the record before the Court does not include an order signed on September 10, 2014. Appellant's docketing statement indicated he wished to appeal an order or judgment signed on September 5, 2014 and stated that the basis on which the order was appealable was that, "The motion for enforcement was denied." The clerk's record also does not include an order or judgment signed on September 5, 2014, but does include a docket entry dated September 5, 2014 that states, "Motion for Enforcement – DENIED– SJB." Despite the Court's warning that failure to obtain a written order or judgment from the trial court and failure to respond to the Court's inquiry

concerning its jurisdiction could result in dismissal of the appeal without further notice, appellant has not responded to the Court's letter or supplemented the clerk's record to include any further orders signed by the trial court.

This court may entertain appeals only from final judgments or interlocutory orders authorized by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); TEX. R. APP. P. 28.1(a). A docket sheet entry does not constitute a judgment or other appealable order of the trial court. *Bailey-Mason v. Mason*, 122 S.W.3d 894, 897 (Tex. App.—Dallas 2003, pet. denied) (concluding docket sheet entries alone are insufficient to constitute a judgment or decree of the court). "A docket entry forms no part of the record which may be considered; it is a memorandum made for the trial court and clerk's convenience." *Energo Intern. Corp. v. Modern Indus. Heating, Inc.,* 722 S.W.2d 149, 151 (Tex. App.—Dallas 1986, no writ); *accord Azopardi v. Hollebeke,* 428 S.W.2d 167, 168 (Tex. Civ. App.—Waco 1968, no writ); *Restelle v. Williford,* 364 S.W.2d 444, 445 (Tex. Civ. App.—Beaumont 1963, writ ref'd n.r.e.). Moreover, an order finding a party not in contempt is not a final, appealable judgment. *Norman v. Norman*, 692 S.W.2d 655 (Tex. 1985).

Absent an appealable interlocutory order or final judgment, this court has no jurisdiction over this appeal. *See Ogletree v. Matthews*, 262 S.W.3d 316, 319 n. 1 (Tex. 2007); *Lehmann*, 39 S.W.3d at 195; *Northeast Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). Accordingly, this appeal is dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

141273F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF K.B.W, a child

No. 05-14-01273-CV

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-50875-07.
Opinion delivered by Chief Justice Wright. Justices Lang-Miers and Stoddart participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee JENNIFER SZCZEPINSKI recover her costs of this appeal from appellant WILLIAM WILSON.

Judgment entered this 19th day of February, 2015.