

NUMBER 13-07-00223-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MARIA ELENA GARZA,**                                                    **Appellant,**

**v.**

**LORIE WALTERS,**                                                        **Appellee.**

---

**On appeal from the County Court at Law of Kleberg County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion by Justice Garza**

Appellant, Maria Elena Garza, appeals the trial court's dismissal of her custody and visitation enforcement motions pertaining to minor child, J.I.G. She also appeals the denial of her motion to recuse Judge Martin Chiuminatto, Jr. By eight issues, Garza contends that the trial court erred in dismissing her cause of action for want of prosecution and that

the trial court abused its discretion in denying her motion to recuse Judge Chiuminatto.[1] We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Garza became pregnant with J.I.G. while she was a resident in a Texas Department of Criminal Justice ("TDCJ") halfway house. Prior to delivering J.I.G., Garza agreed, through an adoption agent, to allow Lorie Walters and her husband to have custody of J.I.G. until she was released from TDCJ. However, after Garza entered into the agreement, but before J.I.G. was born, Walters and her husband petitioned the San Patricio County district court for temporary orders for custody of J.I.G., which Garza alleges was contrary to the original custody agreement.

J.I.G. was born on July 17, 1996. On November 24, 1998, Garza was named sole managing conservator of J.I.G. while J.I.G.'s biological father, Ambrose Villela, Jr., currently incarcerated in TDCJ, was appointed possessory conservator of J.I.G. Later, on August 30, 2005, Walters and Garza executed a rule 11 agreement providing that they would have joint possession of J.I.G. and establishing criteria for Garza's visitation rights. It is unclear from the record before us exactly where J.I.G. resided at all times between 1998 and 2005. However, Garza admits to the following: "[d]uring the first ten years of the child's life, he alternated between appellant and Mrs. Walters . . . based on Walters

---

[1] Lorie Walters, appellee, filed an appellee's brief on May 22, 2008; however, it was deemed untimely. *See* TEX. R. APP. P. 38.6 (providing that an appellee's brief must be filed within thirty days after the date the appellant's brief was filed). On the same day, this Court notified Walters that her appellee's brief was untimely and requested that she filed a motion for leave. *See* TEX. R. APP. P. 10.5(b), 38.6(d). Walters did not respond; therefore, her untimely appellee's brief was not considered in this matter.

2

providing refuge when appellant was having financial/substance abuse problems."[2] Garza and Walters executed a second rule 11 agreement on November 3, 2005. In this agreement, the parties agreed for Garza to have custody of J.I.G. at all times mutually agreed to in advance, among other things.

On January 25, 2006, the trial court entered an agreed order to modify the parent-child relationship. In this order, Walters and Garza agreed for Garza to be removed as the sole managing conservator of J.I.G. and for Walters and Garza to be named joint managing conservators. Garza filed two motions to enforce the order, first on November 27, 2006, and again on February 7, 2007. In these motions, Garza alleged that Walters had violated her visitation rights with J.I.G. and that Walters was "actively 'poisoning' the child" against her.

The trial court scheduled a hearing on February 27, 2007, to address Garza's motions. However, the trial court entered an order dismissing Garza's motions for want of prosecution on February 27, 2007. In its order, the trial court stated the following:

> On the 27TH day of FEBRUARY, 2007, at the Call of the Docket, came the Above cause for ENFORCEMENT/MODIFICATION Hearing. *The Court having considered the matter and all parties having been notified of such hearing, no one appeared for the call of the docket.* The Court is of the opinion that all causes of action filed and presently pending should be dismissed for want of prosecution.

(Emphasis added.) The trial court signed its order dismissing Garza's motions on March 2, 2007.

On the same day, Garza filed a motion for rehearing. She filed another motion for

---

[2] On appeal, Garza admits that she entered substance abuse rehabilitation at "Charlie's" in late 2004. She alleges that she entered rehabilitation at the request of Child Protective Services ("CPS") and that CPS promised that she would get her child back once she completed her rehabilitation at "Charlie's."

rehearing on March 23, 2007. Each of Garza's motions for rehearing functionally served as motions for reinstatement of the case.[3] *See* TEX. R. CIV. P. 165a(3). Garza timely filed her notice of appeal on March 30, 2007.

On April 3, 2007, Garza filed a motion to recuse Judge Chiuminatto, alleging bias and favoritism. Specifically, Garza alleged that Judge Chiuminatto: (1) erroneously dismissed her motions for want of prosecution without a hearing; (2) erroneously stated that no one had appeared for the hearing; (3) ignored Garza's motions for a rehearing; (4) refused to allow Garza to make up missed visitations with J.I.G.; (5) favored Kingsville attorneys, especially opposing counsel because she was a member of his re-election committee; (6) showed favoritism toward opposing counsel by giving her numerous ad litem appointments while appellant's counsel, though qualified, has received none; and (7) endangered her appellate rights by waiting ten days to set a hearing, then determined that no hearing would be set.

On April 12, 2007, Judge Chiuminatto referred the case to the presiding judge of the Fifth Judicial Administrative Region, Judge J. Manuel Bañales. *See* TEX. R. CIV. P. 18a(d). Judge Chiuminatto subsequently denied Garza's motion to recuse on April 27, 2007. *See id.* Judge Bañales held a hearing on Garza's motion to recuse on May 9, 2007. Garza filed a notice of accelerated appeal on May 23, 2007, taking issue with Judge Chiuminatto's denial of her motion to recuse. Judge Bañales denied Garza's motion to recuse on June 4, 2007. This appeal ensued.

## II. ANALYSIS

---

[3] The trial court did not conduct any hearings on Garza's motions for rehearing.

**a. Dismissal for Want of Prosecution**

In her first issue, Garza argues that the trial court entered an erroneous order dismissing her claims for want of prosecution. Specifically, Garza asserts that the trial court's order stated that "no one appeared for the call of the docket" even though the docket sheet reflects that the parties appeared with counsel. In her second issue, Garza contends that the trial court erred in refusing to provide her with the reporter's record of the February 27, 2007 hearing despite her timely request.

**1. Standard of Review**

We review a trial court's dismissal of a suit for want of prosecution under an abuse of discretion standard. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam); *see Sewell Motor Co. v. Capitan Enters., Inc.*, No. 08-02-00454-CV, 2004 Tex. App. LEXIS 3577, at \*\*5-6 (Tex. App.–El Paso Apr. 22, 2004, pet. denied) (mem. op.). The trial court abuses its discretion when it acts without reference to any guiding rules or principles or if the action is arbitrary or unreasonable. *Koslow's v. Mackie*, 796 S.W.2d 700, 704 (Tex. 1990); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

A trial court may dismiss a case for want of prosecution (1) when a party fails to appear at a hearing or trial, (2) when the case has not been disposed of within the Supreme Court's time standards, or (3) under the trial court's inherent power to dismiss, when the case has not been prosecuted with due diligence. TEX. R. CIV. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *State v. Rotello*, 671 S.W.2d 507, 509 (Tex. 1984); *Bilnoski v. Pizza Inn, Inc.*, 858 S.W.2d 55, 57 (Tex. App.–Houston [14th Dist.] 1993, no writ). The trial court's authority to dismiss is derived

5

both from rule 165a of the Texas Rules of Civil Procedure and from its own inherent power to manage its own docket. *Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976); *Burton v. Hoffman*, 959 S.W.2d 351, 353 (Tex. App.–Austin 1998, no pet.). When an unreasonable delay in the prosecution of a case occurs, it is presumed that the case has been abandoned. *Bilnoski*, 858 S.W.2d at 57 (citing *Hosey v. County of Victoria*, 832 S.W.2d 701, 704 (Tex. App.–Corpus Christi 1992, no writ)). If that delay is not sufficiently explained, the presumption of abandonment is conclusive and the case will be dismissed. *Id.* The trial court may consider periods of activity, intervals of inactivity, reasons for lack of attention, and the passage of time. *Ozuna v. Sw. Bio-Clinical Labs.*, 766 S.W.2d 900, 902 (Tex. App.–San Antonio 1989, writ denied).

### 2. Discussion

In its order dismissing Garza's case, the trial court noted that it was dismissing the case because no one appeared at the February 27, 2007 hearing for the call of the docket. Garza points to the trial court's docket sheet, contained in the clerk's record, which appears to contradict the trial court's order. However, "[a] docket sheet entry forms no part of the record which may be considered; it is a memorandum made for the trial court and clerk's convenience." *Aguirre v. Phillips Props., Inc.*, 111 S.W.3d 328, 333 (Tex. App.–Corpus Christi 2003, pet. denied) (citing *Energo Int'l Corp. v. Moden Indus. Heating, Inc.*, 722 S.W.2d 149, 151 & n.2 (Tex. App.–Dallas 1986, no writ); *Azopardi v. Hollebeke*, 428 S.W.2d 167, 168 (Tex. Civ. App.–Waco 1968, no writ); *Restelle v. Williford*, 364 S.W.2d 444, 445 (Tex. Civ. App.–Beaumont 1963, writ ref'd n.r.e.)). "Docket sheets remain inherently unreliable because they lack the formality of orders and judgments." *Id.* (citing

6

*Energo*, 722 S.W.2d at 151 n.2). Therefore, Garza may not use the docket sheet to contradict the trial court's dismissal order. *See Aguirre*, 111 S.W.3d at 333.

Nevertheless, Garza argues that the trial court improvidently denied her request for the reporter's record of the February 27, 2007 hearing, which would have demonstrated that the trial court's dismissal order was incorrect. In her appellate brief, Garza alleges that "she paid $10.00 to receive a copy of a tape that was alleged to have contained all court proceedings from February 27, 2007, but after intense scrutiny[,] has been unable to find any mention of the Garza case being called on the docket." Later, Garza stated that "she had a duty to timely file her request for the court reporter's record, which she did, but it was not her fault that the tapes were not produced . . . ." This statement appears to undermine Garza's earlier contention that she intensely scrutinized the tapes that were provided by the trial court.

Garza further alleges that "there has been no production of any court reporter's record, either by the district clerk or the trial court . . . ." Garza has not produced any evidence beyond her bald allegations that she paid $10.00 for a copy of the tape recording of the February 27, 2007 hearing. Moreover, Garza has not demonstrated that she made a proper request and paid the appropriate fee to obtain a copy of the reporter's record for the February 27, 2007 hearing.[1] Garza has not provided any support for her contention that her failure to timely file a complete appellate record was not her fault. *See* TEX. R. APP. P. 38.1(h); *see also Palmer v. Espey Huston & Assocs.*, 84 S.W.3d 345, 351 (Tex. App.–Corpus Christi 2002, pet. denied) (noting that "a party asserting error on appeal

---

[1] Despite Garza's failure to procure the reporter's record from the February 27, 2007 hearing, the appellate record does contain the reporter's record from the hearing conducted on Garza's motion to recuse. *Cf.* TEX. R. APP. P. 37.3(a)(1) (governing appeals where no record—clerk's or reporter's—is filed).

7

bears the burden of showing that the record supports the contention raised, and of specifying the place or places in the record where matters upon which they rely or of which they complain are shown. . . . We will not do the job of the advocate"); *Happy Harbor Methodist Home, Inc. v. Cowins*, 903 S.W.2d 884, 886 (Tex. App.–Houston [1st Dist.] 1995, no writ). Without the reporter's record, we cannot say that the trial court entered an erroneous dismissal order or that it abused its discretion. *See MacGregor*, 941 S.W.2d at 75; *see also Palmer*, 84 S.W.3d at 351; *Cowins*, 903 S.W.2d at 886. Accordingly, we overrule Garza's first and second issues on appeal.

**b. Garza's Motion to Recuse**

In her remaining issues, Garza asserts that Judge Bañales erred in conducting "an impartial and procedurally correct hearing on appellant's motion for recusal of [the] trial court [judge]." Garza further argues that Judge Bañales erred in restricting her to one basis for recusal when she had "at least ten bases" for recusing Judge Chiuminatto. In support of her contention that the trial court was biased, Garza asserts that the trial court erred in: (1) allowing testimony about her criminal history; (2) allowing counsel for Walters to file pleadings just before a hearing; (3) refusing to allow her to make up visitation with J.I.G.; (4) ignoring repeated misconduct by Walters towards her relationship with J.I.G.; and (5) allowing or ratifying Walters's "self-help" activity designed to destroy her relationship with J.I.G. We construe these arguments as an attack on the impartiality of the trial court.

**1. Standard of Review**

We review the denial of a motion to recuse for abuse of discretion. *Vickery v.*

8

*Vickery*, 999 S.W.2d 342, 349 (Tex. 1999); *see also* TEX. R. CIV. P. 18a(f) ("If the motion [to recuse] is denied, it may be reviewed for abuse of discretion on appeal from the final judgment.").

Rule 18b(2) of the Texas Rules of Civil Procedure provides that a judge shall recuse himself in any proceeding in which "his impartiality might reasonably be questioned," or "he has a personal bias or prejudice concerning the subject matter or a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." TEX. R. CIV. P. 18b(2). The recusal rules do not require the trial judge to state a reason for denying a motion to recuse. *See* TEX. R. CIV. P. 18a, 18b.

### 2. Discussion

Garza filed her motion to recuse Judge Chiuminatto on April 3, 2007, which was after Judge Chiuminatto had dismissed the matter on February 27, 2007. Rule 18a(a) of the Texas Rules of Civil Procedure provides that a party must file their motion to recuse "[a]t least ten days before the date set for trial or other hearing in any court other than the Supreme Court, the Court of Criminal Appeals or the court of appeals." TEX. R. CIV. P. 18a(a). Therefore, Garza did not timely file her motion to recuse because the matter had been dismissed by the time the motion was filed. Because Garza failed to timely file her motion to recuse, we conclude that Judge Bañales did not abuse his discretion in denying her motion. *See id*. Accordingly, we overrule all of Garza's remaining issues.

### III. CONCLUSION

We affirm the judgment of the trial court.

DORI CONTRERAS GARZA,

9

Justice

Memorandum Opinion delivered and
filed this the 28th day of August, 2008.