NUMBER 13-07-00223-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


MARIA ELENA GARZA, Appellant,


v.



LORIE WALTERS, Appellee.

 


On appeal from the County Court at Law of Kleberg County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Garza


 

 Appellant, Maria Elena Garza, appeals the trial court's dismissal of her custody and
visitation enforcement motions pertaining to minor child, J.I.G. She also appeals the denial
of her motion to recuse Judge Martin Chiuminatto, Jr. By eight issues, Garza contends
that the trial court erred in dismissing her cause of action for want of prosecution and that
the trial court abused its discretion in denying her motion to recuse Judge Chiuminatto. (1) 
We affirm.I. Factual and Procedural Background

 Garza became pregnant with J.I.G. while she was a resident in a Texas Department
of Criminal Justice ("TDCJ") halfway house. Prior to delivering J.I.G., Garza agreed,
through an adoption agent, to allow Lorie Walters and her husband to have custody of
J.I.G. until she was released from TDCJ. However, after Garza entered into the
agreement, but before J.I.G. was born, Walters and her husband petitioned the San
Patricio County district court for temporary orders for custody of J.I.G., which Garza alleges
was contrary to the original custody agreement. 

 J.I.G. was born on July 17, 1996. On November 24, 1998, Garza was named sole
managing conservator of J.I.G. while J.I.G.'s biological father, Ambrose Villela, Jr.,
currently incarcerated in TDCJ, was appointed possessory conservator of J.I.G. Later, on
August 30, 2005, Walters and Garza executed a rule 11 agreement providing that they
would have joint possession of J.I.G. and establishing criteria for Garza's visitation rights. 
It is unclear from the record before us exactly where J.I.G. resided at all times between
1998 and 2005. However, Garza admits to the following: "[d]uring the first ten years of the
child's life, he alternated between appellant and Mrs. Walters . . . based on Walters
providing refuge when appellant was having financial/substance abuse problems." (2) Garza
and Walters executed a second rule 11 agreement on November 3, 2005. In this
agreement, the parties agreed for Garza to have custody of J.I.G. at all times mutually
agreed to in advance, among other things.

 On January 25, 2006, the trial court entered an agreed order to modify the parent-child relationship. In this order, Walters and Garza agreed for Garza to be removed as the
sole managing conservator of J.I.G. and for Walters and Garza to be named joint
managing conservators. Garza filed two motions to enforce the order, first on November
27, 2006, and again on February 7, 2007. In these motions, Garza alleged that Walters
had violated her visitation rights with J.I.G. and that Walters was "actively 'poisoning' the
child" against her. 

 The trial court scheduled a hearing on February 27, 2007, to address Garza's
motions. However, the trial court entered an order dismissing Garza's motions for want of
prosecution on February 27, 2007. In its order, the trial court stated the following:

 On the 27TH day of FEBRUARY, 2007, at the Call of the Docket, came the
Above cause for ENFORCEMENT/MODIFICATION Hearing. The Court
having considered the matter and all parties having been notified of such
hearing, no one appeared for the call of the docket. The Court is of the
opinion that all causes of action filed and presently pending should be
dismissed for want of prosecution.


(Emphasis added.) The trial court signed its order dismissing Garza's motions on March
2, 2007. 

 On the same day, Garza filed a motion for rehearing. She filed another motion for
rehearing on March 23, 2007. Each of Garza's motions for rehearing functionally served
as motions for reinstatement of the case. (3) See Tex. R. Civ. P. 165a(3). Garza timely filed
her notice of appeal on March 30, 2007. 

 On April 3, 2007, Garza filed a motion to recuse Judge Chiuminatto, alleging bias
and favoritism. Specifically, Garza alleged that Judge Chiuminatto: (1) erroneously
dismissed her motions for want of prosecution without a hearing; (2) erroneously stated
that no one had appeared for the hearing; (3) ignored Garza's motions for a rehearing; (4)
refused to allow Garza to make up missed visitations with J.I.G.; (5) favored Kingsville
attorneys, especially opposing counsel because she was a member of his re-election
committee; (6) showed favoritism toward opposing counsel by giving her numerous ad
litem appointments while appellant's counsel, though qualified, has received none; and
(7) endangered her appellate rights by waiting ten days to set a hearing, then determined
that no hearing would be set.

 On April 12, 2007, Judge Chiuminatto referred the case to the presiding judge of the
Fifth Judicial Administrative Region, Judge J. Manuel Bañales. See Tex. R. Civ. P. 18a(d). 
Judge Chiuminatto subsequently denied Garza's motion to recuse on April 27, 2007. See
id. Judge Bañales held a hearing on Garza's motion to recuse on May 9, 2007. Garza
filed a notice of accelerated appeal on May 23, 2007, taking issue with Judge
Chiuminatto's denial of her motion to recuse. Judge Bañales denied Garza's motion to
recuse on June 4, 2007. This appeal ensued.

II. Analysis

a. Dismissal for Want of Prosecution

 In her first issue, Garza argues that the trial court entered an erroneous order
dismissing her claims for want of prosecution. Specifically, Garza asserts that the trial
court's order stated that "no one appeared for the call of the docket" even though the
docket sheet reflects that the parties appeared with counsel. In her second issue, Garza
contends that the trial court erred in refusing to provide her with the reporter's record of the
February 27, 2007 hearing despite her timely request.

 1. Standard of Review

 

 We review a trial court's dismissal of a suit for want of prosecution under an abuse
of discretion standard. MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam);
see Sewell Motor Co. v. Capitan Enters., Inc., No. 08-02-00454-CV, 2004 Tex. App. LEXIS
3577, at **5-6 (Tex. App.-El Paso Apr. 22, 2004, pet. denied) (mem. op.). The trial court
abuses its discretion when it acts without reference to any guiding rules or principles or if
the action is arbitrary or unreasonable. Koslow's v. Mackie, 796 S.W.2d 700, 704 (Tex.
1990); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

 A trial court may dismiss a case for want of prosecution (1) when a party fails to
appear at a hearing or trial, (2) when the case has not been disposed of within the
Supreme Court's time standards, or (3) under the trial court's inherent power to dismiss,
when the case has not been prosecuted with due diligence. Tex. R. Civ. P. 165a; Villarreal
v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999); State v. Rotello, 671
S.W.2d 507, 509 (Tex. 1984); Bilnoski v. Pizza Inn, Inc., 858 S.W.2d 55, 57 (Tex.
App.-Houston [14th Dist.] 1993, no writ). The trial court's authority to dismiss is derived
both from rule 165a of the Texas Rules of Civil Procedure and from its own inherent power
to manage its own docket. Veterans' Land Bd. v. Williams, 543 S.W.2d 89, 90 (Tex. 1976);
Burton v. Hoffman, 959 S.W.2d 351, 353 (Tex. App.-Austin 1998, no pet.). When an
unreasonable delay in the prosecution of a case occurs, it is presumed that the case has
been abandoned. Bilnoski, 858 S.W.2d at 57 (citing Hosey v. County of Victoria, 832
S.W.2d 701, 704 (Tex. App.-Corpus Christi 1992, no writ)). If that delay is not sufficiently
explained, the presumption of abandonment is conclusive and the case will be dismissed. 
Id. The trial court may consider periods of activity, intervals of inactivity, reasons for lack
of attention, and the passage of time. Ozuna v. Sw. Bio-Clinical Labs., 766 S.W.2d 900,
902 (Tex. App.-San Antonio 1989, writ denied).

 2. Discussion

 

 In its order dismissing Garza's case, the trial court noted that it was dismissing the
case because no one appeared at the February 27, 2007 hearing for the call of the docket. 
Garza points to the trial court's docket sheet, contained in the clerk's record, which appears
to contradict the trial court's order. However, "[a] docket sheet entry forms no part of the
record which may be considered; it is a memorandum made for the trial court and clerk's
convenience." Aguirre v. Phillips Props., Inc., 111 S.W.3d 328, 333 (Tex. App.-Corpus
Christi 2003, pet. denied) (citing Energo Int'l Corp. v. Moden Indus. Heating, Inc., 722
S.W.2d 149, 151 & n.2 (Tex. App.-Dallas 1986, no writ); Azopardi v. Hollebeke, 428
S.W.2d 167, 168 (Tex. Civ. App.-Waco 1968, no writ); Restelle v. Williford, 364 S.W.2d
444, 445 (Tex. Civ. App.-Beaumont 1963, writ ref'd n.r.e.)). "Docket sheets remain
inherently unreliable because they lack the formality of orders and judgments." Id. (citing
Energo, 722 S.W.2d at 151 n.2). Therefore, Garza may not use the docket sheet to
contradict the trial court's dismissal order. See Aguirre, 111 S.W.3d at 333. 

 Nevertheless, Garza argues that the trial court improvidently denied her request for
the reporter's record of the February 27, 2007 hearing, which would have demonstrated
that the trial court's dismissal order was incorrect. In her appellate brief, Garza alleges that
"she paid $10.00 to receive a copy of a tape that was alleged to have contained all court
proceedings from February 27, 2007, but after intense scrutiny[,] has been unable to find
any mention of the Garza case being called on the docket." Later, Garza stated that "she
had a duty to timely file her request for the court reporter's record, which she did, but it was
not her fault that the tapes were not produced . . . ." This statement appears to undermine
Garza's earlier contention that she intensely scrutinized the tapes that were provided by
the trial court. 

 Garza further alleges that "there has been no production of any court reporter's
record, either by the district clerk or the trial court . . . ." Garza has not produced any
evidence beyond her bald allegations that she paid $10.00 for a copy of the tape recording
of the February 27, 2007 hearing. Moreover, Garza has not demonstrated that she made
a proper request and paid the appropriate fee to obtain a copy of the reporter's record for
the February 27, 2007 hearing. (4) Garza has not provided any support for her contention
that her failure to timely file a complete appellate record was not her fault. See Tex. R.
App. P. 38.1(h); see also Palmer v. Espey Huston & Assocs., 84 S.W.3d 345, 351 (Tex.
App.-Corpus Christi 2002, pet. denied) (noting that "a party asserting error on appeal
bears the burden of showing that the record supports the contention raised, and of
specifying the place or places in the record where matters upon which they rely or of which
they complain are shown. . . . We will not do the job of the advocate"); Happy Harbor
Methodist Home, Inc. v. Cowins, 903 S.W.2d 884, 886 (Tex. App.-Houston [1st Dist.]
1995, no writ). Without the reporter's record, we cannot say that the trial court entered an
erroneous dismissal order or that it abused its discretion. See MacGregor, 941 S.W.2d at
75; see also Palmer, 84 S.W.3d at 351; Cowins, 903 S.W.2d at 886. Accordingly, we
overrule Garza's first and second issues on appeal. 


b. Garza's Motion to Recuse


 In her remaining issues, Garza asserts that Judge Bañales erred in conducting "an
impartial and procedurally correct hearing on appellant's motion for recusal of [the] trial
court [judge]." Garza further argues that Judge Bañales erred in restricting her to one
basis for recusal when she had "at least ten bases" for recusing Judge Chiuminatto. In
support of her contention that the trial court was biased, Garza asserts that the trial court
erred in: (1) allowing testimony about her criminal history; (2) allowing counsel for Walters
to file pleadings just before a hearing; (3) refusing to allow her to make up visitation with
J.I.G.; (4) ignoring repeated misconduct by Walters towards her relationship with J.I.G.;
and (5) allowing or ratifying Walters's "self-help" activity designed to destroy her
relationship with J.I.G. We construe these arguments as an attack on the impartiality of
the trial court.

 1. Standard of Review

 

 We review the denial of a motion to recuse for abuse of discretion. Vickery v.
Vickery, 999 S.W.2d 342, 349 (Tex. 1999); see also Tex. R. Civ. P. 18a(f) ("If the motion
[to recuse] is denied, it may be reviewed for abuse of discretion on appeal from the final
judgment.").

 Rule 18b(2) of the Texas Rules of Civil Procedure provides that a judge shall recuse
himself in any proceeding in which "his impartiality might reasonably be questioned," or "he
has a personal bias or prejudice concerning the subject matter or a party, or personal
knowledge of disputed evidentiary facts concerning the proceeding." Tex. R. Civ. P. 18b(2).
The recusal rules do not require the trial judge to state a reason for denying a motion to
recuse. See Tex. R. Civ. P. 18a, 18b.

 2. Discussion

 

 Garza filed her motion to recuse Judge Chiuminatto on April 3, 2007, which was
after Judge Chiuminatto had dismissed the matter on February 27, 2007. Rule 18a(a) of
the Texas Rules of Civil Procedure provides that a party must file their motion to recuse
"[a]t least ten days before the date set for trial or other hearing in any court other than the
Supreme Court, the Court of Criminal Appeals or the court of appeals." Tex. R. Civ. P.
18a(a). Therefore, Garza did not timely file her motion to recuse because the matter had
been dismissed by the time the motion was filed. Because Garza failed to timely file her
motion to recuse, we conclude that Judge Bañales did not abuse his discretion in denying
her motion. See id. Accordingly, we overrule all of Garza's remaining issues. III. Conclusion

 

 We affirm the judgment of the trial court.


 DORI CONTRERAS GARZA, 

 Justice


Memorandum Opinion delivered and 

filed this the 28th day of August, 2008.



 
1. Lorie Walters, appellee, filed an appellee's brief on May 22, 2008; however, it was deemed untimely. 
See Tex. R. App. P. 38.6 (providing that an appellee's brief must be filed within thirty days after the date the
appellant's brief was filed). On the same day, this Court notified Walters that her appellee's brief was untimely
and requested that she filed a motion for leave. See Tex. R. App. P. 10.5(b), 38.6(d). Walters did not respond;
therefore, her untimely appellee's brief was not considered in this matter.
2. On appeal, Garza admits that she entered substance abuse rehabilitation at "Charlie's" in late 2004. 
She alleges that she entered rehabilitation at the request of Child Protective Services ("CPS") and that CPS
promised that she would get her child back once she completed her rehabilitation at "Charlie's."
3. The trial court did not conduct any hearings on Garza's motions for rehearing.
4. 
 [1] Despite Garza's failure to procure the reporter's record from the February 27, 2007 hearing, the
appellate record does contain the reporter's record from the hearing conducted on Garza's motion to recuse. 
Cf. Tex. R. App. P. 37.3(a)(1) (governing appeals where no record--clerk's or reporter's--is filed).