Carlyn P. BAILEY–MASON, Appellant,

v.

Rae Black MASON, Appellee.

No. 05–02–02019–CV.

Court of Appeals of Texas,
Dallas.

Nov. 25, 2003.

Rehearing Overruled Jan. 16, 2004.

Georganna L. Simpson, Law Office of Georganna L. Simpson, Dallas, for Appellant.

Walter L. Irvin, Dallas, for Appellee.

Before Justices MORRIS, WRIGHT, and RICHTER.

## OPINION

Opinion by Justice WRIGHT.

Carlyn P. Bailey–Mason appeals the trial court's judgment finding that Rae Black Mason was the surviving spouse of Edward James Mason.[1] After Globe Life and Accident Insurance Company (Globe) and Safeco Life and Investments (Safeco) interpleaded life insurance proceeds that were subject to the conflicting claims of Bailey–Mason and Rae Mason, the trial court determined that Rae Mason was the surviving spouse of Dr. Mason. In a single issue, Bailey–Mason contends Rae Mason and Dr. Mason were divorced in 1982 and the trial court erred in concluding

otherwise. We affirm the trial court's judgment.

## Background

In December 1979, Dr. Mason filed for divorce from Rae Mason. On November 8, 1982, the case went to trial. According to the docket sheet, two days later, Dr. Mason and Rae Mason reached a settlement. The reporter's record cannot be located. However, the docket sheet contains the following notation: "Settlement announced @ 3:30 p.m.—Settlement agreement recited into record in open court with parties & attys present—Divorce granted and agreements approved—agreed judgment to be presented by attys."

After the parties failed to present a judgment to the trial court, the trial court entered an order of dismissal for want of prosecution on April 19, 1984. In May 1984, Rae Mason filed a motion to reinstate the divorce. The motion was apparently granted.[2] In early April 1985, Dr. Mason's counsel advised the trial court by letter that "Dr. Mason, advises me he no longer wishes to prosecute his divorce." On June 24, 1985, the trial court signed a second order dismissing Dr. Mason and Rae Mason's divorce for want of prosecution.

On August 7, 1987, Dr. Mason executed a will. In the will, Dr. Mason described himself as "unmarried." In April 1991, Dr. Mason and Bailey–Mason were married in Las Vegas. They later had two children. In May 1997, Globe issued a policy insuring Dr. Mason's life. Bailey–Mason was designated as the sole beneficiary. Likewise, in July 1990, Safeco is-

---

1. We will refer to Carlyn P. Bailey–Mason as "Bailey–Mason," Rae Black Mason as "Rae Mason," and Edward James Mason as "Dr. Mason."

2. The motion shows the trial court set a hearing on June 6, 1984. Our record does not contain an order granting the motion.

sued a policy insuring Dr. Mason's life with Bailey–Mason designated as the sole beneficiary. In the applications for both policies, Bailey–Mason was identified as Dr. Mason's wife.

Subsequently, Dr. Mason was murdered and the life insurance companies interpleaded the life insurance proceeds. The interpleader actions were transferred to the probate court. Rae Mason and Bailey–Mason resolved all of the issues in controversy except the issue of whether Rae Mason or Bailey–Mason was the surviving spouse of Dr. Mason. After a trial before the court, the trial court determined that the docket sheet entry on November 10, 1982 was not a rendition of divorce and that there was no final judgment of divorce in the marriage of Rae Mason and Dr. Mason. Thus, the trial court determined the surviving spouse of Dr. Mason was Rae Mason, not Bailey–Mason. This appeal followed.

### Discussion

■ Bailey–Mason first contends the trial court erred by determining Rae Mason was Dr. Mason's surviving spouse because the trial court orally rendered its judgment of divorce on November 10, 1982 and any subsequent actions by the parties or the trial court were outside the trial court's plenary jurisdiction. We disagree.

■ Generally, a judgment is rendered when the decision is officially announced orally in open court, by memorandum filed with the clerk, or otherwise announced publically. *Garza v. Tex. Alcoholic Beverage Comm'n*, 89 S.W.3d 1, 6 (Tex.2002). Here, there is no divorce decree and there is no record from the divorce trial. Other than the docket sheet entry, there is no indication that the trial court rendered a judgment of divorce. Thus, we must determine whether the docket sheet entry constitutes a memorandum of decision filed with the clerk such that the trial court can be said to have rendered a judgment of divorce on November 10, 1972.

■ A docket sheet entry is a memorandum made for the convenience of the trial court and the court clerk. *Energo Int'l Corp. v. Modern Indus. Heating, Inc.*, 722 S.W.2d 149, 151 n. 2 (Tex.App.-Dallas 1986, no writ); *Garza v. Tex. Alcoholic Beverage Comm'n*, 83 S.W.3d 161, 167 (Tex.App.-El Paso 2000), *aff'd*, 89 S.W.3d 1, 6 (Tex.2002). Docket sheet entries are inherently unreliable because they lack the formality of orders and judgments. *Energo*, 722 S.W.2d at 151 n. 2; *Garza*, 83 S.W.3d at 167. Thus, docket sheet entries alone are insufficient to constitute a judgment or decree of the court. *Skidmore v. Glenn*, 781 S.W.2d 672, 674 (Tex.App.-Dallas 1989, no writ); *Formby's KOA v. BHP Water Supply Corp.*, 730 S.W.2d 428, 430 (Tex.App.-Dallas 1987, no writ). For a docket sheet entry to constitute a judgment, there must be some indication in the record that the trial court called the docket notation to the parties' attention in open court or filed the docket sheet with the clerk as his judgment. *Skidmore*, 781 S.W.2d at 674; *Formby's KOA*, 730 S.W.2d at 430. *See also Garza*, 89 S.W.3d at 6.

Because the reporter's record from the divorce trial cannot be located, there is no such indication in this case. The docket sheet entry indicates that the terms of the settlement agreement were read into the record in open court and an agreed judgment would be presented to the trial court for signature. Although the docket sheet entry indicates "divorce granted," the docket sheet entry in no way indicates whether that portion of the entry was announced in open court or was in some way called to the parties' attention. Nor does the record indicate the docket sheet was filed with the clerk as a judgment. Thus, we cannot conclude the trial court erred by

determining that the docket sheet entry on November 10, 1982 was not a rendition of divorce and that there was no final judgment of divorce in the marriage of Rae Mason and Dr. Mason.

■ Bailey–Mason next argues that this Court should reverse and render a decision that Bailey–Mason is Dr. Mason's surviving spouse because Texas strongly presumes the validity of a subsequent marriage.[3] We disagree that application of the presumption in this case requires reversal.

■ When, as here, two or more marriages of a person to different spouses are alleged, the most recent marriage is presumed to be valid against each marriage that precedes it, until one who asserts the validity of a previous marriage proves its validity. TEX. FAM.CODE ANN. § 1.102 (Vernon 1998). This presumption is one of the strongest, if not the strongest, known to law. *Tex. Employers' Ins. Ass'n v. Elder*, 155 Tex. 27, 30, 282 S.W.2d 371, 373 (1955). The presumption may outweigh positive evidence to the contrary and its strength increases with the lapse of time, acknowledgments by the parties to the marriage, and the birth of children. *Id.*

■ However, the presumption is not conclusive, but may be rebutted by evidence which negates dissolution of the previous marriage. *Snyder v. Schill*, 388 S.W.2d 208, 212 (Tex.Civ.App.-Houston 1964, writ ref'd n.r.e.). Such evidence need not be established absolutely or to a moral certainty. *Simpson v. Simpson*, 380 S.W.2d 855, 858 (Tex.Civ.App.-Dallas 1964, writ ref'd n.r.e.). Rather, once evidence is presented to show the previous marriage was not dissolved, then the fact finder must determine whether the presumption of validity has been overcome. *See id.; In*

*re Estate of Loveless*, 64 S.W.3d 564, 574 (Tex.App.-Texarkana 2001, no pet.).

Here, Rae Mason presented evidence showing that after Rae Mason and Dr. Mason failed to present a judgment to the trial court, the trial court dismissed the divorce for want of prosecution on April 19, 1984. In May 1984, Rae Mason filed a motion to reinstate the divorce. In early April 1985, Dr. Mason's counsel advised the trial court by letter that Dr. Mason no longer desired to prosecute his divorce from Rae Mason. On June 24, 1985, the trial court signed a second order dismissing Dr. Mason and Rae Mason's divorce for want of prosecution. This evidence shows that Rae Mason and Dr. Mason did not dissolve their marriage relationship. Further, the trial court, as fact finder in this case, could reasonably conclude the evidence was sufficient to overcome the presumption of validity of the subsequent marriage of Bailey–Mason and Dr. Mason.

A marriage is void if it is entered into when either party has an existing marriage to another person that has not been dissolved by legal action or terminated by the death of the other spouse. TEX. FAM. CODE ANN. § 6.202(a) (Vernon 1998). Because the record contains sufficient evidence upon which the trial court could determine that Rae Mason's marriage to Dr. Mason remained in effect and his marriage to Bailey–Mason was, therefore, void, the trial court did not err by determining Rae Mason was the surviving spouse. We overrule Bailey–Mason's sole issue.

---

3. Rae Mason contends Bailey–Mason waived her right to claim surviving spouse status based on the presumption that her marriage to Dr. Mason is valid because she did not raise this argument until her motion for new trial. We need not determine whether Bailey–Mason waived this argument because after considering the law and the facts in this case, we conclude Bailey–Mason's argument lacks merit.