**DENY; and Opinion Filed August 29, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01099-CV

### IN RE JAMES LATIMER, Relator

**Original Proceeding from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-51478-2009**

## MEMORANDUM OPINION
Before Justices Bridges, Fillmore, and Evans
Opinion by Justice Evans

Relator filed this petition for writ of mandamus arguing that the trial court abused its discretion in denying enforcement of the visitation provisions of an order rendered by the trial court on July 28, 2011 in a suit affecting the parent-child relationship. The trial court conducted a hearing on the enforcement motion and at the conclusion of the hearing took the motion under advisement, telling the parties that they could learn of his ruling via the court's electronic docket.[1] The mandamus record does not include an order signed by the trial judge denying the relief the relator requested. Instead, the mandamus record includes a notation on the trial court's

---

[1] While the trial judge advised the parties that they could learn his ruling by consulting the docket, there is no indication that the trial judge intended the docket entry to be the only memorialization of his judgment. The trial judge stated:

> And if that concludes everything that you have to offer, what I'm going to do at this time -- I need some time to think about this. I've been handling a lot of stuff today. I don't want to just decide quickly on this matter just to be quick. I'm going to give this matter the deliberation that you-all -- each of you deserves. I'll take this under advisement. If you have not been able to look at the Court's docket and see some decision by next Wednesday, you may contact my coordinator and remind her that I have not resolved a case out there that I need to make a ruling on.

register of actions labeled as a "General Docket Entry" that reads "Hrg on Dad's Motion for Enforcement –DENIED–SJB."

"A docket entry forms no part of the record which may be considered; it is a memorandum made for the trial court and clerk's convenience." *Energo Intern. Corp. v. Modern Indus. Heating, Inc.,* 722 S.W.2d 149, 151 (Tex. App.—Dallas 1986, no writ); *accord Azopardi v. Hollebeke,* 428 S.W.2d 167, 168 (Tex. Civ. App.—Waco 1968, no writ); *Restelle v. Williford,* 364 S.W.2d 444, 445 (Tex. Civ. App.—Beaumont 1963, writ ref'd n.r.e.). We have noted, "Docket sheet entries are inherently unreliable because they lack the formality of orders and judgments." *Bailey-Mason v. Mason,* 122 S.W.3d 894, 897 (Tex. App.—Dallas 2003, pet. denied). For that reason, a docket sheet entry standing alone typically cannot constitute a judgment or decree of a court. *Id.* For a docket sheet to constitute an order of the court, there must be some indication in the record that trial judge intended not to enter a formal order and intended to rely instead on the docket entry as the sole judgment or decree of the court. Such circumstances might be present where the trial court announces its decision in open court while calling the attention of the parties to the docket entry or formally files the docket entry with the clerk as the trial court's judgment. *See id. (*citing *Formby's KOA v. BHP Water Supply Corp.,* 730 S.W.2d 428, 430 (Tex. App.—Dallas 1987, no writ)); *see also Garza v. Texas Alcoholic Beverage Com'n,* 89 S.W.3d 1, 7 (Tex. 2002) (district court's initialed, hand-written entry on docket sheet reciting the substance of the court's final order was not a judgment in absence of evidence that court had publicly announced its decision, issued a memorandum or otherwise publicly announced rendition on that date).

There is no indication here, however, that the trial court's short-hand and ambiguous docket notation was intended to constitute the final disposition of the relator's motion to enforce visitation. Indeed, the cryptic nature of the docket entry highlights the danger of relying on such

informal notations as court orders. A person reading the docket entry standing alone might rationally conclude that the trial court had denied the father a hearing on his motion, not that the trial court denied the father's motion for enforcement. It is not reasonable to conclude that the trial court intended this cryptic notation to constitute the sole, final embodiment of an order denying the motion. Because the mandamus record does not include an order of the trial court by which it determined the relator's motion, the relator has not established his right to relief. Accordingly, we **DENY** the petition. TEX. R. APP. P. 52.8(a).

/David W. Evans/
DAVID EVANS
JUSTICE

141099F.P05