

## NUMBER 13-14-00466-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**BRIAN FORD,**                                                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                        **Appellee.**

### On appeal from the 25th District Court
### of Lavaca County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion Per Curiam

Appellant, Brian Ford, proceeding pro se, filed a notice of appeal on August 7, 2014. Appellant sought to appeal a ruling issued on November 7, 2013, denying appellant's application for writ of habeas corpus seeking release from confinement for lack of probable cause. Because the trial court has not signed a written order

memorializing his ruling on the merits of the application for writ of habeas corpus, we have no appellate jurisdiction over this cause. We dismiss the appeal.

A defendant's notice of appeal must be filed within thirty days after the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1). A notice of appeal which complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. *Id.* Under those circumstances it can take no action other than to dismiss the appeal. *Id.*

Generally, a state appellate court only has jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State,* 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.–Fort Worth 1996, no pet.). Exceptions to the general rule include: (1) certain appeals while on deferred adjudication community supervision, *Kirk v. State*, 942 S.W.2d 624, 625 (Tex. Crim. App. 1997); (2) appeals from the denial of a motion to reduce bond, TEX. R. APP. P. 31.1; *McKown*, 915 S.W.2d at 161; and (3) certain appeals from the denial of habeas corpus relief, *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.--Dallas 1998, no pet.); *McKown*, 915 S.W.2d at 161.

The trial court conducted a hearing on the application for writ of habeas corpus on November 7, 2013. At the hearing, the trial court orally denied the application. The ruling is also expressed in a docket sheet entry. The clerk of the trial court has informed us that there is not a final judgment or order signed by the judge memorializing the trial court's ruling on the application for writ of habeas corpus. The Clerk of this Court

2

notified appellant that the notice of appeal appeared to be untimely and that the record lacked a final, appealable order and requested correction of these defects, if it could be done. The Clerk notified appellant that the appeal would be dismissed if these defects were not cured. Appellant has not corrected these defects. We note that in a habeas corpus proceeding, an order denying relief on the merits is a final judgment and is immediately appealable. *See Greenwell v. Ct. of App. for the Thirteenth Jud. Dist.*, 159 S.W.3d 645, 650 (Tex. Crim. App. 2005).

A docket sheet entry is a memorandum made for the convenience of the trial court and the court clerk. *Baily-Mason v. Mason*, 122 S.W.3d 894, 897 (Tex. App.—Dallas 2004, pet. denied). Docket sheet entries are inherently unreliable because they lack the formality of judgments and orders. *Id.* Docket entries may not take the place of a separate order, and a trial court's oral pronouncement is not appealable until a written order is signed. *See State v. Sanavongxay*, 407 S.W.3d 252, 258–59 (Tex. Crim. App.2012); *Ex parte Wiley*, 949 S.W.2d 3, 4 (Tex. App.—Fort Worth 1996, no pet.); *see also Emerald Oaks Hotel/Conference Ctr., Inc. v. Zardenetta*, 776 S.W.2d 577, 578 (Tex. 1989), *Ex parte Perez*, No. 14-13-01048-CR, 2014 WL 4416011, at *1 (Tex. App.—Houston [14th Dist.] Sept. 9, 2014, no pet. h.) (mem.op.); *Baily-Mason*, 122 S.W.3d at 897; *Intercity Mgmt. Corp. v. Chambers*, 820 S.W.2d 811, 812 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding).

The Court, having examined and fully considered the notice of appeal and the matters before the Court, is of the opinion that there is not an appealable order and this Court lacks jurisdiction over the matters herein. Because there is no appealable order, we DISMISS the appeal for want of jurisdiction. *See Sanavongxay*, 407 S.W.3d at 259;

3

*State v. Cox*, 235 S.W.3d 283, 285 (Tex. App.—Fort Worth 2007, no pet.). All pending motions, if any, are likewise DISMISSED.

PER CURIAM

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
20th day of November, 2014.