# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-51051
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 14, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VANCENT CHARLES CURTIN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CR-596-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Vancent Charles Curtin appeals the sentence imposed following his guilty plea conviction for possessing a firearm with an obliterated serial number. In his sole issue on appeal, Curtin argues that the district court erred in assessing criminal history points under U.S.S.G. §§ 4A1.1(c) and 4A1.2(f) for his two prior Texas misdemeanor marijuana possession offenses. He contends that these two diversionary disposition cases did not qualify for points when

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-51051

entries on state court docket sheets indicate that his original guilty pleas were later amended to not guilty and that the cases thus involved diversion from the judicial process without findings of guilt.

We review the district court's application of the Guidelines de novo and its findings of fact for clear error. *United States v. Rodriguez-Mesa*, 443 F.3d 397, 400-01 & n.9 (5th Cir. 2006). Given that signed judgments in the record show Curtin entered guilty pleas in his state drug cases, that unsigned docket entries indicate that Curtin's pleas were amended to not guilty after he completed his terms of deferred adjudication supervision, and that the record does not show that Curtin sought to withdraw his pleas, the district court did not clearly err in finding that the signed state court judgments were more reliable than the docket entries. *See United States v. Acosta*, 972 F.2d 86, 91 (5th Cir. 1992); *see also Bailey-Mason v. Mason*, 122 S.W.3d 894, 897-98 (Tex. App. 2003). In light of the finding that Curtin's drug possession cases involved diversion from the judicial process based on admissions of guilt, the challenged criminal history points were properly assessed. *See* U.S.S.G. § 4A1.2(f) & comment. (n.9); *United States v. Giraldo-Lara*, 919 F.2d 19, 23 & n.2 (5th Cir. 1990).

AFFIRMED.