**Denied and Opinion Filed November 23, 2021**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-21-00460-CV**

_____

**IN RE MARK DEMATTIA, Relator**

**Original Proceeding from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-04107-2020**

## MEMORANDUM OPINION

Before Justices Schenck, Nowell, and Garcia
Opinion by Justice Nowell

Before the Court is relator Mark DeMattia's petition for writ of mandamus contending the trial court abused its discretion by denying his motion for summary judgment seeking advancement of his legal expenses to defend himself in the underlying proceedings. The trial court did not rule on the motion at the summary judgment hearing, and the mandamus record does not include an order signed by the trial judge denying the relief the relator requested. Instead, relator relies on a docket sheet entry that reads, "Def/Counter-PI's MSJ is DENIED; parties requested to e-file proposed written order."

A docket entry forms no part of the record which may be considered; it is a memorandum made for the trial court and clerk's convenience." *Energo Intern.*

*Corp. v. Modern Indus. Heating, Inc.,* 722 S.W.2d 149, 151 (Tex. App—Dallas 1986, no writ). As this Court has previously noted, "[d]ocket sheet entries are inherently unreliable because they lack the formality of orders and judgments." *Bailey–Mason v. Mason,* 122 S.W.3d 894, 897 (Tex. App—Dallas 2003, pet. denied). For that reason, a docket sheet entry standing alone typically cannot constitute a judgment or decree of a court. *Id.* For a docket sheet to constitute an order of the court, there must be some indication in the record that the trial judge did not intend to enter a formal order but instead intended to rely on the docket entry as the sole judgment or decree of the court. *Id.* Such circumstances might be present where the trial court announces its decision in open court while calling the attention of the parties to the docket entry or formally files the docket entry with the clerk as the trial court's judgment. *See id.* (citing *Formby's KOA v. BHP Water Supply Corp.,* 730 S.W.2d 428, 430 (Tex. App—Dallas 1987, no writ)); *see also Garza v. Texas Alcoholic Beverage Com'n,* 89 S.W.3d 1, 7 (Tex. 2002) (district court's initialed, hand-written entry on docket sheet reciting the substance of the court's final order was not a judgment in absence of evidence that court had publicly announced its decision, issued a memorandum or otherwise publicly announced rendition on that date).

Here, there is no indication that the docket sheet entry was intended to constitute the final disposition of relator's motion for summary judgment. To the

2

contrary, the docket sheet entry indicates that the parties were instructed to submit a proposed order for the trial court's consideration. Under these circumstances, it is not reasonable to conclude the trial court intended the notation to constitute the sole, final embodiment of an order denying the motion.

Because the mandamus record does not include a copy of the trial court's order by which it determined relator's motion, relator has not established his right to relief. We deny relator's petition for writ of mandamus without prejudice to refiling a petition with an adequate record. *See* TEX. R. APP. P. 52.3(k) (1)(A); 52.8(a).

210460f.p05

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

3