**Opinion issued July 1, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00618-CV

————————————

**DEMETRICE GWYN, Appellant**

**V.**

**BRANDON BROOKS, Appellee**

---

**On Appeal from the 505th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 24-DCV-318070**

---

### MEMORANDUM OPINION

Appellant Demetrice Gwyn is attempting to appeal from an order of July 31, 2024 granting appellee's writ of habeas corpus and attachment. The clerk's record contained no order signed on July 31, 2024 and thus, the Court directed the trial court clerk to file a supplemental clerk's record containing this order. A

supplemental clerk's record was filed on May 20, 2025, attaching a portion of the trial court's docket sheet recording a ruling.

"A docket sheet entry is a memorandum made for the convenience of the trial court and the court clerk." *Bailey-Mason v. Mason*, 122 S.W.3d 894, 897 (Tex. App.—Dallas 2003, pet. denied). Because they are inherently unreliable and lack the formality of judgments and orders, "docket sheet entries alone are insufficient to constitute a judgment or decree of the court." *Id.* "For a docket sheet entry to constitute a judgment, there must be some indication in the record that the trial court called the docket sheet notation to the parties' attention in open court or filed the docket sheet with the clerk as his judgment." *Id.* Although the trial court stated that it was granting the petition for writ of habeas corpus, it did not call the docket sheet notation to the parties' attention and it did not file the docket sheet as its judgment. "Our jurisdiction is fundamental and invoked only upon the timely filing of a notice of appeal from a final judgment disposing of all claims and parties or such interlocutory orders as the legislature deems appealable." *Robinson v. Am. Bank of Tex.*, No. 05-11-01024-CV, 2012 WL 1647763, at *1 (Tex. App.—Dallas May 9, 2012, no pet.) (mem. op.). The docket sheet entry here is insufficient to constitute an appealable judgment and we lack jurisdiction over this appeal. *See Hollenbeck v. Villareal*, No. 03-24-00337-CV, 2024 WL 3841737, at *1 (Tex. App.—Austin Aug. 14, 2024, no pet.) (mem. op.).

The Court issued a notice on May 29, 2025, advising appellant that the appeal might be dismissed for lack of jurisdiction unless appellant filed a response by June 11, 2025, establishing this Court's jurisdiction.  No response was filed.

Accordingly, we dismiss this appeal for want of jurisdiction.  *See* TEX. R. APP. P. 42.3(a), 43.2(f).  Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.